■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BILLUPS, Appellant.—Judgment rendered October 24, 1973, in Bronx County, convicting appellant on his plea of guilty, of robbery in the second degree and sentencing him to a term of imprisonment of from 3⅓ to 10 years, insofar as it imposes sentence, unanimously reversed, on the law, the sentence vacated, and the case remanded for resentencing, and in all other respects the judgment of conviction is affirmed. CPL 720.20 provides in relevant part, "(1) Upon conviction of an eligible youth, the court *must* order a pre-sentence investigation of the defendant. After receipt of a written report of the investigation and *at the time of pronouncing sentence* the court must determine whether or not the eligible youth is a youthful offender." (Emphasis supplied.) A youth is a person charged with a crime who was between the ages of 16 and 19 when the crime was committed. Every youth is an "Eligible youth" unless he "(a) is indicted for a class A felony, or (b) has previously been convicted of a felony." (CPL 720.10, subds 1, 2). In the case before us appellant was not indicted for a class A felony,

nor had he previously been convicted of a felony or, indeed, of any crime. Thus, appellant was eligible for treatment as a youthful offender and the court was required to order a presentence investigation in order to determine whether he should be afforded youthful offender treatment. This was not done. Defense counsel might have been responsible, in part, for the failure of the court because through error or inadvertance he inaccurately represented the age of appellant as 19 years, though the probation report correctly reflected the true age as 18 years. It may well be that on remand the court may wish to scrutinize the contents of the probation report with respect to appellant's future potential for self support and good citizenship, and to weigh the records and respective positions of appellant and the codefendant in balancing the measure of punishment imposed. In passing we note the requirement of section 70.00 (subd 3, par [b]) of the Penal Law that "When the minimum period of imprisonment is fixed * * * the court shall set forth in the record the reasons for its action". It is desirable that such reasons be set forth with sufficient clarity that a reviewing court not be required to probe and weigh each word to determine if there has been compliance with the requirement of the statute. Concur—Stevens, P. J., Murphy, Tilzer, Capozzoli and Lynch, JJ.