■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE POLITE, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered March 26, 1979, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Cohalan, J. P., Margett, Martuscello and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAFAEL SALAS, Appellant.—Appeal by defendant (1) as limited by his brief, a sentence of the County Court, Nassau County, imposed April 9, 1979 and (2) from a resentence of the same court imposed January 11, 1980. Appeal from sentence imposed April 9, 1979 dismissed. Said sentence was superseded by the resentence imposed on January 11, 1980. Resentence affirmed. No opinion. Hopkins, J. P., Damiani, Titone and Lazer, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERTO SANTOS, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed August 18, 1978, upon his conviction of kidnapping in the second degree, on a plea of guilty, the sentence being an indeterminate term of imprisonment of from 7 to 21 years. Sentence affirmed. Defendant seeks reduction of his sentence, or, in the alternative, that the case be remanded for resentencing based on the fact that the Justice imposing the indeterminate sentence failed to set forth his reasons in the record for fixing a minimum period of imprisonment as required under the statute then in effect (see Penal Law, § 70.00, subd 3, par [b], prior to its amdt by L 1978, ch 481, § 2, eff Sept. 1, 1978). Although the court did not follow the letter of the statute in passing sentence, we do not believe that it is necessary to remand the case for resentencing. The record reveals that defendant's conviction was entered upon a negotiated plea before a Justice who had heard pretrial and trial testimony. The case stemmed from defendant fleeing from apprehension under two outstanding Bench warrants, stealing a gun from a warrant squad officer at gunpoint, using that officer as a shield to neutralize a second officer, and effecting his escape by commandeering an automobile occupied by an innocent couple and their three children. It should also be noted that the Justice who sentenced the defendant was the same one who sentenced him under another indictment a few months earlier (March 31, 1978) to a prison term of from 5 to 15 years upon a judgment convicting him, inter alia, of robbery in the first degree, upon a plea of guilty. Based on the afore-mentioned, it is apparent that in the instant case the Justice fixed the minimum sentence with due regard to the nature and circumstances of the crime and to the history and character of the defendant, as required by the statute. Thus, under the circumstances, it is unnecessary and would be an exercise in futility to remand the case for resentence (cf. People v Esteves, 41 NY2d 826). Based on the facts set forth in the record, the sentence of 7 to 21 years imposed by the court was not excessive. Damiani, J. P., Titone, Lazer and Mangano, JJ., concur.