■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILBROOK JORDAN, Appellant. — Appeal by defendant, as limited by his motion, from three sentences of the County Court, Suffolk County (Tanenbaum, J.), all imposed June 4, 1980, upon his convictions of attempted robbery in the second degree (Ind. No. 1577-79), attempted burglary in the second degree (Ind. No. 1872-79) and attempted robbery in the second degree (Ind. No. 1809-79), upon his pleas of guilty. Sentences reversed, on the law, and cases remitted to the County Court for resentencing in accordance herewith. The defendant raises a single meritorious issue on this motion. On June 4, 1980, when the sentencing took place, section 70.00 (subd 3, par [b]) of the Penal Law provided that if a sentencing court, in its discretion, decided to fix a minimum period of imprisonment on an indeterminate sentence, it was required to set forth on the record the reasons for its action. The subdivision subsequently was amended (see L 1980, ch 873, § 1, eff Sept. 1, 1980) by deleting the requirement for reasons, but mandating the sentencing court to fix a minimum period of imprisonment for all indeterminate sentences. The standard set in former paragraph (b) of subdivision 3 of section 70.00 permitted imposition of a minimum sentence when the court, "having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that the ends of justice and best interests of the public" required it. Under the section, it was also necessary to set forth the reason for imposing a minimum "with sufficient clarity that a reviewing court not be required to probe and weigh each word to determine if there has been compliance with the requirement of the statute" *(People v Billups,* 47 AD2d 869, 870). The instant sentencing court did not comply with the language of section 70.00 (subd 3, par [b]) as it then read. Failure of the sentencing court to set forth reasons for its decision to impose a minimum mandates resentencing *(People v Williams,* 61 AD2d 819; *People v Coar,* 49 AD2d 912; *People v Harris,* 48 AD2d 664; *People v Smith,* 46 AD2d 692) unless the reasons for imposing a minimum are so plain from the record that a remand for resentencing would be a futile act; in such a case, the sentence may be affirmed *(People v Esteves,* 41 NY2d 826; *People v Santos,* 76 AD2d 870). Here, the District Attorney did not recommend a minimum and the court initially sentenced the defendant to an indeterminate

term having a maximum of seven years on each of the attempted robbery convictions, and to an indeterminate term having a maximum of four years on the attempted burglary conviction. After the court directed counsel to inform his client of his right to appeal, the following transpired: "[The Court]: Will you do so as required by the rules. Mr. Leo [defense counsel]: Yes, Your Honor. Before — The Court: Thank You — Mr. Leo: I do that, however, could I ask for a clarification here. As I understand the sentence, your Honor, you're imposing no minimum? The Court: Yes. — Mr. Leo: Period of incarceration? The Court: That's correct. Mr. Leo: So that we have — The Court: Would you approach the bench, please. Mr. Leo: Yes. (Conference at the bench.) The Court: With respect to the sentence imposed by the Court on the defendant concerning Indictment 1809-'79, the period imposed on the defendant of an indeterminate term of incarceration for a maximum period of seven years shall have a minimum term of two and one-third years. With respect to Indictment 1872-'79, the sentence imposed by the Court with respect to a sentence for a maximum period, indeterminate term of incarceration for a maximum period of four years, the Court imposes a minimum term of imprisonment of one and one-third years. With respect to Indictment 1577-'79, the Court imposed a maximum sentence of an indeterminate term of incarceration for a maximum period of seven years, the Court imposes a minimum period of imprisonment for a term of two and one-third years. The sentence[s] with respect to Indictments 1872-'79 and 1577-'79, shall be concurrent with the sentence imposed with respect to Indictment 1809-'79." Since the bench conference was not transcribed, we have no clue as to why minimum sentences were imposed. We are unable to conclude that the court properly utilized the statutory criteria in imposing sentence since the decision to impose a minimum came after it had recounted the relevant factors and circumstances of the crime and imposed a sentence without a minimum. It is also impossible to conclude that the decision to impose a minimum resulted from the defendant's prior record because the court referred to that record in deciding to impose the maximum indeterminate terms for the crimes involved. As a consequence, remand for resentencing is warranted so as to permit the sentencing court to set forth its reasons for imposing minimum terms. Lazer, J. P., Mangano, Gibbons and Rabin, JJ., concur.