■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN VAN AKEN, Appellant. — Appeal by defendant, as limited by his motion, from two resentences of the Supreme Court, Westchester County (McMahon, J.), both imposed October 16, 1979, upon his conviction of two counts of criminal sale of a controlled substance in the third degree, after a nonjury trial, the resentences being concurrent periods of imprisonment of two years to life. Resentences modified, on the law and a matter of discretion in the interest of justice, by reducing the maximum terms imposed on each count to 10 years' imprisonment. As so modified, resentences affirmed. The defendant was convicted of two counts of criminal sale of a controlled substance in the third degree, after a nonjury trial. At the time of the original sentencing in 1977, these crimes were classified as class A-III felonies mandating imposition of a minimum term of one-year to life imprisonment (see Penal Law, §§ 220.39, 70.00, subds 2, 3, par [a], former cl [iii]). The court imposed concurrent sentences of two years to life on each count. On September 1, 1979, chapter 410 of the Laws of 1979 became effective. That legislation completely restructured the Penal Law provisions relative to drug offenses and added section 60.09 to the Penal Law, under which defendants originally sentenced on class A-III drug offenses could apply for resentencing under the more lenient provisions of the new statute. The defendant, an A-III offender, made such an application, but the court resentenced him to the same two years to life terms as those imposed originally. On this excessive sentence motion, the defendant contends that the court committed legal error in imposing resentences which did not accord with the limitations contained in section 60.09 of the Penal Law. In defendant's view, the statute permits the sentencing court to deny the application for resentencing outright and thus maintain the original sentence, but if the court does exercise its discretion to resentence the defendant it must do so within the limitations of the resentencing structure contained in section 60.09. We are constrained to agree. Section 60.09 provides, insofar as pertinent: "Authorized dispositions; resentencing of certain persons convicted of specified controlled substance offenses. a. Any person convicted of an offense as defined in section 115.05, 220.16, 220.18, 220.39 or 220.41 of this chapter or of an attempt thereof, for an act committed on or after September first, nineteen hundred seventy-three but prior to the date on which the provisions of this section become effective, may upon notice to the appropriate district attorney, apply for resentencing in the

court which originally imposed sentence. *Such resentencing shall be in accordance with the provisions of subdivision (b) of this section* and shall include credit for any jail time incurred upon the subject conviction as well as credit for any period of incarceration incurred pursuant to the sentence originally imposed. b. A court, upon an application specified in subdivision (a) of this section may resentence a person as follows: (i) if the conviction was for a class A-III offense the court may impose a new maximum term which shall be no less than three times the amount of the minimum term imposed in the original sentence and no more than twenty-five years" (emphasis supplied). The dispositive words in the quoted portion of the section are "may" and "shall." A defendant *may* apply for resentencing, but the resentence itself *"shall* be in accordance with" the limitations set forth in subdivision b of the section. The further use of the permissive "may" in subdivision b's directive that upon application of the defendant the court "may resentence a person" in accordance with the paragraphs that follow refers, we believe, to the court's right to exercise its discretion to refuse to resentence. This interpretation of the statute — which mandates reduction if there is a resentencing — is not invalidated by the language of the provision in subdivision c that a resentencing court "may not impose a sentence greater than the sentence previously imposed." The quoted words must be construed as prohibiting the resentencing court from imposing a greater minimum term of imprisonment for an A-II felony (see Penal Law, § 60.09, subd b, par [ii]), since it is obvious that no resentence could increase the maximum term of life imprisonment mandated under the former statute for each of the offenses presently within the scope of section 60.09 of the Penal Law and retained for A-II felonies under the present scheme. Furthermore, the construction we are adopting is consonant with the clear legislative intent to ameliorate the harsh consequences of the prior drug sentencing statutes. Applying this construction to the instant case, the resentencing court could have imposed a new sentence ranging from 2 to 6 years' imprisonment to 2 to 25 years' imprisonment (see Penal Law, § 60.09, subd b, par [i]). We may assume from this record that the resentencing court would have imposed the highest permissible term in light of its reaffirmation of the original maximum term of life imprisonment. Proceeding on this assumption (cf. *People v Esteves,* 41 NY2d 826; *People v Santos,* 76 AD2d 870), we see no reason to remand for resentencing since the imposition of a maximum of 25 years' imprisonment, in our view, would be excessive under the circumstances here. Accordingly, the resentences should be modified by reducing the maximum term on each count to 10 years, and otherwise affirmed. Damiani, J.P., Titone, Lazer and Mangano, JJ., concur.