(August 30, 1982)

■ In the Matter of CALVIN WATSON, Petitioner, v JOHN S. THORP, JR., as a Judge of the County Court of Nassau County, et al., Respondents. — Proceeding pursuant to CPLR article 78 to compel respondents, the Judges of the County Court of the County of Nassau, to consider petitioner's application to be resentenced under section 60.09 of the Penal Law. Petition granted, on the law, without costs or disbursements, and matter remanded to the respondents for further proceedings consistent herewith. On June 20, 1980 petitioner was convicted in the County Court, Nassau County (Diamond, J.), of attempted criminal facilitation in the second degree in violation of sections 110.00 and 115.05 of the Penal Law, on a plea of guilty. "A person is guilty of criminal facilitation in the second degree when, believing it probable that he is rendering aid to a person who intends to commit a class A felony, he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit such class A felony" (Penal Law, § 115.05). On appeal this court affirmed petitioner's sentence "without prejudice to the defendant making a * * * motion pursuant to section 60.09 of the Penal Law" (*People v Watson,* 85 AD2d 646). Section 60.09 (subd b, par [v]) provides that defendants convicted prior to September 1, 1979 of criminal facilitation in the second degree or of an attempt thereof may apply for resentencing under the more lenient provisions of section 60.09, if "the object of the criminal facilitation was a class A-III felony". Subsequent to this court's order affirming petitioner's original sentence, petitioner moved for resentencing under section 60.09 (subd b, par [v]). That application was denied (Thorp, J.), because the court was of the view that "[t]he offense which was the object of the criminal facilitation herein was a class A-II felony and as such Penal Law sec. 60.09(b)(v) is not applicable". The decision to grant or deny an application for resentencing under section 60.09 of the Penal Law is discretionary (*People v De Jesus,* 54 NY2d 447, 449; *People v Aken,* 83 AD2d 617). A denial of such an application is not appealable (*People v De Jesus, supra*). Furthermore, because the court's decision is discretionary, mandamus is not available (see *Matter of Butts v Justices of the Ct. of Special Sessions of Town of Greenburgh,* 37 AD2d 607, app dsmd 29 NY2d 707). However, in this case the court did not exercise its discretion under the statute. Since it erroneously found the statute inapplicable in the first instance, it did not consider the equities of resentencing. The plea minutes reveal that the object of petitioner's attempted criminal facilitation was the sale of cocaine, which was then a class A-III felony (Penal Law, § 220.39). Apparently there was a misapprehension as to the degree of the offense which was the object of the criminal facilitation because the indictment charging the defendant alleged that "defendant did enable Jeffrey K. Watson to commit a class A felony, criminal sale of a controlled substance in the second degree". Criminal sale of a controlled substance in the second degree is a class A-II felony (Penal Law, § 220.41). However, the plea minutes do not indicate that the plea was to an attempt to facilitate the crime of criminal sale of a controlled substance in the second

degree, but rather attempted facilitation of the criminal sale of a controlled substance in the third degree (Penal Law, § 220.39). The District Attorney's contention that a term of the plea agreement was for petitioner to plead to an attempt to commit the crime as charged in the indictment cannot be recognized, since such a term is not contained in the plea record (see *Matter of Benjamin S.*, 55 NY2d 116, 120). Petitioner is eligible for resentencing under section 60.09 (subd b, par [v]) of the Penal Law. While the ultimate disposition of petitioner's application is discretionary, the court is duty bound to consider the motion on its merits. Mandamus is therefore appropriate. Gibbons, J. P., Weinstein, Gulotta and Bracken, JJ., concur.