■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BROWN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered July 31, 1980, convicting him of rape in the first degree, sodomy in the first degree, robbery in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although the court at the *Wade* hearing erred in restricting cross-examination of the complainant as to what she saw at the lineup, the totality of circumstances makes it apparent that the error was harmless. We have examined defendant's other contentions and conclude that they lack merit. Lazer, J. P., O'Connor, Brown and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BURNETT, Appellant. — Judgment of the Supreme Court, Kings County (Lagana, J.), rendered July 16, 1981, affirmed. No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN CAMPOLO, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Orange County (Ingrassia, J.), imposed January 18, 1980, after a plea of guilty, upon his conviction of criminal sale of a controlled substance in the second degree, the sentence being an indeterminate term of imprisonment of six years to life. Defendant also purports to appeal from an order of the same court dated February 2, 1981, which denied his motion for resentencing. Sentence affirmed. Appeal from the order dated February 2, 1981, dismissed. On November 13, 1979 defendant pleaded guilty to criminal sale of a controlled substance in the second degree, in violation of section 220.41 of the Penal Law. The incident to which he pleaded guilty involved the sale of cocaine and occurred on January 19, 1979. On January 18, 1980, defendant was sentenced to a term of imprisonment of six years to life. His subsequent application to have the court vacate his plea (CPL 440.10) or, in the alternative, to be resentenced (Penal Law, § 60.09) was denied. On appeal defendant only questions his sentence. Because the crime for which he was convicted occurred prior to September 1, 1979, the effective date of the 1979 amendments to this State's drug laws (L 1979, ch 410, § 29), the statutory range of defendant's sentence was from six years to life up to eight and a third to life (Penal Law, § 70.00, subd 3, par [a], cl [ii]). He received the minimum permissible sentence, and therefore there is no excessive sentence issue for this court to decide. Defendant was eligible on his application for resentencing to receive a reduction of his sentence to as low a term as three years to life (Penal Law, § 60.09, subd b, par [ii]). The sentencing court's exercise of discretion in denying a motion for resentence under section 60.09 of the Penal Law is not subject to review (*People v De Jesus,* 54 NY2d 447; *People v Stephens,* 55 NY2d 778; *Matter of Watson v Thorp,* 89 AD2d 918). Mollen, P. J., Gibbons, Niehoff and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE W. COLODNEY, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Delin, J.), imposed August 17, 1982. Sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.