Per Curiam.

The proof adduced upon the trial is more than sufficient to support the jury’s verdict that the defendants are guilty of felony murder and, since we find no errors of law, we would have no occasion to write were it not for the testimony of police brutality which the record before us contains.
On May 18, 1962 two police officers, Detectives Luke Fallon and John Finnegan, were shot and killed in Brooklyn during the course of a holdup when they sought to apprehend the robbers. Upon the trial, held in January of 1.963, one of the principal witnesses against the defendant Portelli was a small-time criminal by the name of Richard Melville. Called by the People, he testified that the defendant Portelli came to his home (with two other men) on May 20 and completely implicated himself in the homicides, describing how he participated in the robbery, how he shot the police officers and how he managed to get away. On cross-examination, Melville stated that later the same day several detectives took him to a police station for questioning and that, although he first denied knowing Portelli or anything about the crime, he finally told the police the story which he gave in court. But he declared that he did so only after he had been *239 held in custody overnight and severely beaten and tortured and that he would not have talked to the police had they not coerced him in this manner. However, he insisted from the witness stand that the pretrial statement which he made to the police, as well as his testimony, implicating Portelli was completely true.
It is the defendants’ contention that the witness’ testimony should have been stricken once it appeared that his statement, although given some eight months before the trial, had been coerced by the police.
Although we deprecate official lawlessness with all the emphasis at our command, we do not believe that such conduct warrants a holding that Melville’s testimony should have been stricken and excluded from the record. Testimony given from the witness stand by a witness who was, some eight months earlier, compelled by police brutality to give a statement implicating a defendant stands on a footing very different from an out-of-court confession coerced from a defendant and sought to be used against him on the trial. While the latter will be excluded as a matter of law, the testimony of a witness who, although previously forced to make a pretrial statement, asserts that his testimony at the trial is truthful is for the consideration and appraisal of the jury. (See 3 Wigmore, Evidence [3d ed., 1940], § 815, pp. 230-231.) The requirements of law are met if the fact of such earlier coercion or other official lawlessness is disclosed to the jurors so that they may pass upon the witness ’ veracity and credibility and determine whether the testimony given in open court is truthful and worthy of consideration.
In reaching the conclusion we do, we cannot condemn too strongly the shocking and reprehensible conduct on the part of the police about which Melville testified and we simply note that an appropriate forum is available for these charges of misconduct.
The judgments of conviction should be affirmed.
Chief Judge Desmond and Judges Dye, Fold, Van Vooehis, Burke, Scileppi and Bergan concur.
Judgments of conviction affirmed.