**UNITED STATES of America ex rel. Anthony PORTELLI, Petitioner-Appellant,**

v.

**J. Edwin LaVALLEE, as Superintendent of Clinton Correctional Facility, Dannemora, New York, Respondent-Appellee.**

**No. 287, Docket 72-1801.**

United States Court of Appeals, Second Circuit.

Argued Oct. 26, 1972.

Decided Dec. 6, 1972.

Robert S. Hammer, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for respondent-appellee.

Michael A. Feit, Albany, N. Y., for petitioner-appellant.

Before MOORE, HAYS and MULLIGAN, Circuit Judges.

MOORE, Circuit Judge:

Petitioner-appellant, Anthony Portelli, appeals from an order of the district court dismissing his petition for a writ of habeas corpus.

In 1963 Portelli was convicted with a co-defendant in the New York Supreme Court, Kings County, of murdering two New York police detectives who surprised the defendants while in the act of committing an armed robbery. Portelli's death sentence was commuted to life imprisonment. The conviction was affirmed by the New York Court of Appeals where, Portelli raised, and that Court passed upon, the issues which he now seeks to relitigate in this proceeding. People v. Portelli & Rosenberg, 15 N.Y.2d 235, 257 N.Y.S.2d 931, 205 N.E. 2d 857, remittitur amended, 16 N.Y.2d 537, 260 N.Y.S.2d 649, 208 N.E.2d 458, (1965), cert. denied, 382 U.S. 1009, 86 S.Ct. 612, 15 L.Ed.2d 524 (1966).

Upon Portelli's trial there was admitted testimony, undoubtedly very damaging to him, of a witness, Richard Melville. In the police station Melville had been beaten and tortured and, as a result, had given a statement implicating Portelli. However, some eight months

later he repeated the same story at trial in open court.

Upon the trial all the circumstances surrounding the giving of the statement, namely, the beatings and the torture, were placed before the jury, which had a full opportunity to pass upon the credence to be given to Melville's testimony in the light of the methods by which it was originally obtained and in the light of his testimony given before them some eight months later while on the witness stand.

The trial judge in the State court in the strongest terms condemned the police action. He did not exclude Melville's statement but said that "the jury may consider the beating, and determine whether or not, in spite of the beating, he [Melville] came in here and he told the truth as to what happened between him and Portelli. . . ." (Charge, reprinted at Appellant's Br. p. 12).

The law applicable to the facts before us cannot be better stated than it was in the New York Court of Appeals' unanimous opinion:

Although we deprecate official lawlessness with all the emphasis at our command, we do not believe that such conduct warrants a holding that Melville's testimony should have been stricken and excluded from the record. Testimony given from the witness stand by a witness who was, some eight months earlier, compelled by police brutality to give a statement implicating a defendant stands on a footing very different from an out-of-court confession coerced from a defendant and sought to be used against him on the trial. While the latter will be excluded as a matter of law, the testimony of a witness who, although previously forced to make a pretrial statement, asserts that his testimony

at the trial is truthful is for the consideration and appraisal of the jury. (See 3 Wigmore, Evidence [3d ed., 1940], § 815, pp. 230–231.) The requirements of law are met if the fact of such earlier coercion or other official lawlessness is disclosed to the jurors so that they may pass upon the witness' veracity and credibility and determine whether the testimony given in open court is truthful and worthy of consideration.

People v. Portelli, 15 N.Y.2d at 239, 257 N.Y.S.2d at 932–933, 205 N.E.2d at 858.

This is not a case wherein a defendant's confession obtained by coercion is sought to be introduced against him. Melville was a witness. Here full opportunity in open court was afforded to Portelli to test the veracity of Melville's testimony both upon cross-examination and by all the circumstances under which it was given. On this subject Wigmore says: "(2) *For duress of a witness*, not being a party, the same considerations would prescribe that there be no exclusion on the ground of extrajudicial *threats* or other form of coercion; * * *." 3 Wigmore, Evidence § 815 (2), pp. 289–90 (Chadbourn rev. 1970). See also the extensive footnote 3, *id.*, at 290, citing cases supporting this conclusion. Portelli's argument, that the statement of a witness which incriminates a third party must be excluded as a matter of law from the trial if the witness' testimony has been obtained as a result of police misconduct, finds no support in the authorities.

The order is affirmed.

The Court expresses its appreciation for the services of Michael A. Feit, assigned counsel, and the excellent and thorough presentation made by him on behalf of his client.