Memorandum. Order of the Appellate Division reversed, the judgment of conviction vacated and the indictment dismissed. The jury verdict was internally self-contradictory both logically and pursuant to the charge of the court. By acquitting defendant of all the larceny counts the verdict of guilty of robbery in the third degree was contradicted, since the robbery could not have occurred unless, as an essential element of the crime, there had been a larceny in some degree (cf. People v Cole, 35 NY2d 911). As pointed out by defendant’s appellate counsel there need not have been an acquittal on the larceny counts so long as the jury under proper instruc *949 tions returned a verdict of guilty under the robbery count. But the fact is that the jury did both. It had not been advised by the trial court that if it found defendant guilty of robbery, it did not have to reach the larceny counts. On the contrary, the jury was instructed that if it found no larceny it must acquit on all charges. The other issues raised by defendant do not need address in light of the disposition.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.