OPINION OF THE COURT
Simons, J.
The common issue presented by these two appeals is whether a good-faith claim of right, which negates larcenous intent in certain thefts (see, Penal Law § 155.15 [1]), also negates the intent to commit robbery by a defendant who uses force to recover cash allegedly owed him. We hold that it does not. Accordingly, we affirm the order of the Appellate Division in each case.
*473 I
A
Defendant Edward Reid was charged in a multicount indictment with felony murder, three counts of robbery in the first degree, one count of criminal possession of a weapon in the third degree and various other crimes. He was acquitted of the murder count but convicted of the robbery and possession counts. The additional charges were dismissed by the trial court.
The convictions stem from defendant’s forcible taking of money from three others. The evidence established that defendant and his stepbrother, Andre McLean, approached Arthur Taylor, Donnie Peterson and Donald Thompson, while the three men were standing on a street corner in The Bronx. Defendant and McLean were holding pistols when defendant demanded that the three men hand over money "that belonged to him,” apparently referring to money owed him as the result of prior drug transactions. Taylor and Thompson gave defendant money but Peterson responded that he had none and would have to go upstairs to his apartment to get some. As the men walked up the stairs, toward Peterson’s apartment, defendant "snatched” McLean’s pistol, placed it in his waistband and demanded that McLean turn over money he was holding for him. McLean handed defendant $300. A moment later, he rushed at defendant, a "shot went off” striking McLean and defendant fled. McLean subsequently died from a single gunshot wound to his chest.
B
Defendant Walter Riddles was indicted for robbery in the second degree and assault in the second degree. He was convicted after a bench trial of robbery in the third degree for forcibly taking money from Genevieve Bellamy on November 10, 1982.
Bellamy and defendant both testified at trial, each providing different descriptions of events. Bellamy maintained that while she was waiting for a taxi at a street corner in The Bronx, defendant, whom she did not know, drove up to the curb and asked for directions. According to Bellamy, when she leaned into defendant’s automobile to help him, defendant grabbed her, forced her into the car and demanded money *474 from her. Bellamy stated she did not have any, but defendant struck her in the face, searched her pockets, and, upon discovering $50, took the money and ordered her out of the automobile.
Defendant disputed her story. He testified that he knew Bellamy prior to the incident and that she owed him $25. He stated that he met her on the evening of November 10 and she offered to pay him $15 toward her debt if he drove her downtown so she could pick up a package. Defendant maintained that he took Bellamy downtown, as she asked, but that she was unable to obtain her package so he drove her back uptown. Defendant testified that during the return trip, Bellamy again offered to pay him $15 toward her debt, but upon seeing her counting a large sum of money, he took the full amount she owed him, $25, and no more.
In pronouncing judgment, the court stated that it credited the portion of defendant’s testimony indicating that he had taken the money from Bellamy to satisfy a debt but the court held that because defendant used force he was nevertheless guilty of robbery.
II
A person "commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force” (Penal Law § 160.00; see also, People v Koerber, 244 NY 147, 153).[1] The larceny statute, in turn, provides that an assertion that "property was appropriated under a claim of right made in good faith” is a defense to larceny (see, Penal Law § 155.15 [1]; see also, People v Chesler, 50 NY2d 203 [finding that claim of right is an ordinary defense, not an affirmative defense, to a prosecution for larceny]). Since a good-faith claim of right is a defense to larceny, and because robbery is defined as forcible larceny, defendants contend that *475 claim of right is also a defense to robbery. They concede the culpability of their forcible conduct, but maintain that because they acted under a claim of right to recover their own property, they were not guilty of robbery, but only some lesser crime, such as assault or unlawful possession of a weapon.
Defendants’ general contention is not without support. Several jurisdictions have held that one who acts under a claim of right lacks the intent to steal and should not be convicted of robbery (see generally, Annotation, Robbery, Attempted Robbery, or Assault to Commit Robbery, as Affected by the Intent to Collect or Secure Debt or Claim, 88 ALR3d 1309; see also, 2 LaFave and Scott, Substantive Criminal Law § 8.11 [b], at 440-442 [1986]; 4 Wharton’s Criminal Law §§ 470-471, at 43-48 [14th ed Torcía 1981]). That logic is tenable when a person seeks to recover a specific chattel: it is less so when asserted under the circumstances presented in these two cases: in Reid to recover the proceeds of crime (see, e.g., Commonwealth v Sleighter, 495 Pa 262, 433 A2d 469; People v English, 32 Ill App 3d 691, 336 NE2d 199; People v Karasek, 63 Mich App 706, 234 NW2d 761), and in Riddles, to recover cash to satisfy a debt (see, e.g., Austin v State, 86 Wis 2d 213, 271 NW2d 668; Edwards v State, 49 Wis 2d 105, 113-114, 181 NW2d 383; State v Martin, 15 Ore App 498, 516 P2d 753; see generally, Annotation, op. cit.; 4 Wharton’s Criminal Law op. cit.).
We have not had occasion to address the issue but the Appellate Divisions to which it has been presented have uniformly ruled that claim of right is not a defense to robbery (see, People v Hodges, 113 AD2d 514 [2d Dept]; People v Coates, 64 AD2d 1 [2d Dept]; People v Banks, 55 AD2d 795 [3d Dept]; see also, People v Richardson, 55 AD2d 514 [1st Dept]). Their determinations have been based upon the interpretation of the applicable statutes and a policy decision to discourage self-help and they are consistent with what appears to be the emerging trend of similar appellate court decisions from other jurisdictions (see, State v Ortiz, 124 NJ Super 189, 305 A2d 800; see also, State v Russell, 217 Kan 481, 536 P2d 1392; State v Martin, 15 Ore App 498, 516 P2d 753, supra; People v Uselding, 107 Ill App 2d 305, 247 NE2d 35; Elliott v State, 2 Tenn Crim App 418, 454 SW2d 187; Crawford v State, 509 SW2d 582 [Tex Crim App]; Moyers v State, 186 Ga 446, 197 SE 846). For similar reasons, we conclude that the claim of right defense is not available in these cases. We need not decide the quite different question of whether an individual who uses force to recover a specific chattel which he owns may be *476 convicted, of robbery. It should be noted, however, that because taking property "from an owner thereof’ is an element of robbery, a person who recovers property which is his own (as compared to the fungible cash taken to satisfy a claimed debt in the cases before us) may not be guilty of robbery (see, Penal Law § 155.05 [1]; § 160.00; cf., Penal Law § 35.25 [indicating that a person would be justified in using nondeadly force to prevent an apparent larcenist from taking his property]).
The claim of right defense is found in the larceny article of the Penal Law, which provides that a good-faith claim of right is a defense to trespassory larceny or embezzlement (see, Penal Law § 155.15 [1]). The defense does not apply to all forms of larceny. For example, extortion is a form of larceny, but the Legislature, consistent with a prior decision of this court, has not authorized a claim of right defense to extortion (see, People v Fichtner, 281 App Div 159, affd 305 NY 864). The exception is significant for extortion entails the threat of actual or potential force or some form of coercion. Thus, the inference may reasonably be drawn that in failing to authorize a claim of right defense for extortion in Penal Law § 155.15 (1), and by failing to incorporate it in article 160 of the statute, which governs robbery, the Legislature recognized that an accused should not be permitted to invoke it in crimes involving force. We assume that if the Legislature intended to excuse forcible taking, it would have said so.[2]
Our decision also rests upon policy considerations against expanding the area of permissible self-help. Manifestly, a larceny, in which the accused reacquires property belonging to him without using force, differs from a robbery in which the defendant obtains money allegedly owed to him by threatening or using force. "The former is an instance of mistake, not subjected to penal sanctions because the threat to private property is not so serious as to warrant intervention by the criminal law. The latter is a species of self help and whether or not the exponent of force or threats is correct in estimating his rights, he is resorting to extra-judicial means in order to protect a property interest” (Note, A Rationale of the Law of Aggravated Theft, 54 Colum L Rev 84, 98 [1954]). Since such forcible conduct is not merely a transgression against property, but also entails the risk of physical or mental injury to *477 individuals, it should be subjected to criminal sanctions. Consequently, we find the courts in both People v Reid and People v Riddles correctly denied defendants’ requests to assert claim of right defenses.
Ill
Defendant Reid also assigns as error the court’s refusal to grant his request for a specific instruction to the jury on coerced testimony. He maintains that because Arthur Taylor, the key prosecution witness against him, was originally coerced into giving a statement to the police, the trial court should have instructed the jurors that in determining whether Taylor was credible, they could consider the possibility that Taylor was pressured into testifying. Instead, the court gave a traditional credibility charge.
Taylor’s testimony was undoubtedly admissible and because he was cross-examined extensively about the alleged police coercion which preceded his original statement, the jury was fully aware of any weakness in his testimony. Thus, the requirements of law were met because "the fact of such earlier coercion or other official lawlessness [was] disclosed to the jurors so that they [could] pass upon the witness’ veracity and credibility and determine whether the testimony given in open court [was] truthful and worthy of consideration” (People v Portelli, 15 NY2d 235, 239, cert denied 382 US 1009, remittitur amended 16 NY2d 537). Although the court would have been justified in giving the requested charge, its failure to do so does not constitute error (People v Whalen, 59 NY2d 273, 279).
We have considered defendant Reid’s remaining points and find them either unpreserved or without merit.
Accordingly, the orders of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
In each case: Order affirmed.

.Penal Law § 160.00 provides:
"Robbery; defined
"Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
"1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
"2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.”

.In UCC 9-503, the Legislature has expressly authorized self-help by a secured party in taking possession of collateral after a debtor’s default but only if the taking can be accomplished without breach of the peace.