■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MASEMO CASTRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered October 30, 1986, convicting him of robbery in the first degree, assault in the first degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reducing the defendant's conviction of robbery in the first degree to robbery in the third degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing with respect to robbery in the third degree.

We find that the proof at trial was insufficient to support the defendant's conviction of robbery in the first degree. The evidence established that the defendant pulled gold chains from around the neck of the complainant at the complainant's workplace. The defendant stated at the time that he would return the chains when the complainant paid off the $150 which he allegedly owed to the defendant for a bicycle. When the complainant demanded that the defendant return the jewelry, the defendant refused to do so and they began to struggle. After the two men were told by a third party to leave the premises, they descended a stairway. The complainant heard a click, turned around, and saw the defendant with a knife in his hand. The defendant then stabbed the complainant.

The jury acquitted the defendant of the crime of criminal possession of a weapon in the fourth degree which had charged that he had "knowingly and unlawfully possessed a dangerous instrument to wit: a knife, with intent to use unlawfully against another".

Upon a review of the record, we find that the evidence demonstrates that the defendant did not use the knife in the course of the robbery. Therefore, it cannot be said that he committed the crime of robbery in the first degree *(see,* Penal Law § 160.15 [2]). Rather, the assault with the knife was a separate incident from the robbery and arose out of the escalating argument between the defendant and the complainant.

However, the defendant committed the crime of robbery in the third degree when he snatched the chains and engaged in the struggle with the complainant in order to retain the property (see, Penal Law §§ 160.05, 160.00 [1]). Since the defendant improperly resorted to " 'extra-judicial means in order to protect a property interest' " (People v Reid, 69 NY2d 469, 476, quoting from Note, A Rationale of the Law of Aggravated Theft, 54 Colum L Rev 84, 98), i.e., the alleged debt for the bicycle, the imposition of penal sanctions is warranted. We therefore remit the matter to the Supreme Court, Queens County, for resentencing as to the conviction of robbery in the third degree.

We have considered the defendant's remaining contentions and find them to be without merit or unpreserved for appellate review (see, People v Alfaro, 66 NY2d 985). Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.