■ In the Matter of MONROE B., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, Bronx County (Jeffry Gallet, J.), entered on or about May 25, 1988, which found that appellant had committed an act which, if committed by an adult, would constitute the crime of robbery in the second degree (Penal Law § 160.10 [1]), adjudicated him a juvenile delinquent, and placed him on probation for a period of two years, unanimously reversed, on the law and facts, and the petition dismissed, without costs.

In *People v Reid* (69 NY2d 469, 476), the Court of Appeals observed that, "because taking property 'from an owner thereof' is an element of robbery, a person who recovers property which is his own (as compared to the fungible cash taken to satisfy a claimed debt * * *) may not be guilty of robbery *(see,* Penal Law § 155.05 [1]; § 160.00; *cf.,* Penal Law § 35.25 [indicating that a person would be justified in using nondeadly force to prevent an apparent larcenist from taking his property])."

In the record before us, there is unrefuted evidence that appellant was the owner of the nonfungible property, a radio, which was found by complainant. Therefore, we are constrained by the *Reid* court's analysis to conclude that the crime of robbery did not occur when appellant slapped the complainant and appellant's companion snatched the radio. Concur—Murphy, P. J., Carro, Kassal and Rosenberger, JJ.