■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DUVAL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EPIFANIA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CUMMINS, Appellant.—Judgment of the Supreme Court, New York County (Rena Uviller, J.), rendered January 26, 1990, convicting defendant John Duval after jury trial of two counts of robbery in the second degree and one count of criminal possession of a weapon in the fourth degree, and sentencing him to terms of 1-½ to 4-½ years on each robbery count and 1 year on the weapon count, all to run concurrently, unanimously affirmed.

Judgment of the same court and Justice rendered January 26, 1990, convicting defendant Robert Epifania of two counts of robbery in the second degree and one count each of grand larceny in the fourth degree and criminal possession of a weapon in the fourth degree, and sentencing him to terms of 2 to 6 years on each robbery count, 1-⅓ to 4 years on the grand larceny count, and 1 year on the weapon count, all to run concurrently, unanimously affirmed.

Judgment of the same court and Justice rendered June 7, 1990, convicting defendant Edward Cummins of two counts of robbery in the second degree and one count each of assault in the third degree and criminal possession of a weapon in the fourth degree, and which upon his adjudication as a youthful offender sentenced defendant to 5 years probation, unanimously affirmed.

Defendant Epifania, who had been robbed by a group of

youths, gave chase in a tow truck, accompanied by his friends, co-defendants Duval and Cummins. At the corner of Delancey and Norfolk Streets, defendant and his accomplices came upon the complainant, who had purportedly been Christmas shopping with two friends, and, believing him to be the person who had robbed defendant Epifania, beat and kicked him. Despite defendants' denials that they removed property from the complainant's pockets, each was convicted, after jury trial, of robbery in the second degree and related charges.

Defendants' claim of right did not establish an affirmative defense to the robbery charges *(People v Reid,* 69 NY2d 469 [1987]). Under Penal Law § 155.15 (1), a defense of claim of right may be invoked for a larceny committed by a trespassory taking or embezzlement. However, the Court of Appeals held in *People v Reid (supra,* at 472) that a good-faith claim of right, which negates larcenous intent in certain thefts, does not also negate the intent to commit robbery by a defendant who uses force to recover cash allegedly owed him. That holding is clearly applicable to the case at bar.

With respect to the larceny charges, it was within the province of the jury to judge credibility, and the jury was free to reject the defense with respect to the larceny charges lodged against defendant Epifania. Since the jury could credit the claim of right defense for defendants Cummins and Duval with respect to the larceny charges lodged against them, there was no repugnancy in the verdict which acquitted Duval and Cummins of grand larceny, but convicted them of robbery on a theory of acting in concert with Epifania. A reasonable view of the evidence permits the conclusion that Epifania, rather than Duval and Cummins, physically took the money from the victim.

The court did not err in refusing to give a missing witness charge for the victim's two friends. Defendants failed to demonstrate *prima facie* that these witnesses were under the People's control and that the expected testimony would not be cumulative *(People v Gonzalez,* 68 NY2d 424, 427 [1986]). We note that certain of the prosecutor's remarks may have vouched for the People's witnesses and that her comment that there would be "other reasons" why Epifania would not have wanted police interference might have been somewhat suggestive of Epifania's involvement with other crimes. Likewise, her commentary on the question of the defendants' truthfulness was somewhat inappropriate. However, the court instructed the jury that these comments were only argument, that the jury was not to speculate and that these comments

should be disregarded. In view of the overwhelming evidence of guilt, we find these errors to be harmless *(People v Crimmins,* 36 NY2d 230 [1975]). Concur—Murphy, P. J., Ross, Ellerin and Smith, JJ.