■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY JUSTICE, Appellant. [610 NYS2d 4] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered January 7, 1993, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, we find that the verdict was neither based on insufficient evidence nor was it against the weight of the evidence *(People v Bleakley,* 69 NY2d 490).

Defendant's claim of ineffective assistance of counsel fails, because, on this record, unamplified by any post-conviction proceedings (CPL art 440), defendant has not demonstrated the absence of a strategic explanation for counsel's failure to challenge the voluntariness (CPL 60.45 [2] [a]) of his statement to the complainant *(People v Rivera,* 71 NY2d 705, 709). Counsel could reasonably have decided that the best strategy, under all the circumstances, was to seize upon the statement and attack it as a fabrication, undermining the complainant's credibility. In any event, "viewed in totality * * * the attorney provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147).

"Hearsay" testimony was properly admitted, with suitable limiting instructions, not for its truth, but to complete the narrative of events leading up to defendant's apprehension *(see, People v Vega,* 169 AD2d 586, 587).

Defendant was not entitled to a missing witness charge as to a witness whose relationship to the complainant was no more than that of a friend *(People v Duval,* 172 AD2d 248, 249, *lv denied* 77 NY2d 994).

We have reviewed defendant's remaining contentions and find them without merit. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Tom, JJ.