Efrain SUAREZ, Petitioner–Appellant,

v.

Floyd G. BENNETT, Respondent–Appellee.

No. 04–1143–PR.

United States Court of Appeals, Second Circuit.

March 8, 2006.

Georgia J. Hinde, New York, N.Y., for Petitioner–Appellant.

Morgan J. Dennehy (Leonard Joblove and Victor Barall, on the brief), Assistant District Attorneys, for Charles J. Hynes, District Attorney Kings County, Brooklyn, N.Y., for Respondent–Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 8th day of March, two thousand and six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part and the case **REMANDED**.

Following a two-day jury trial in New York state court, Petitioner–Appellant Efrain Suarez ("Suarez" or "Petitioner") was convicted of robbery in the first degree, burglary in the first degree, and criminal possession of a weapon in the fourth degree. He was acquitted of grand larceny in the fourth degree. On March 20, 2002, the United States District Court for the Eastern District of New York (Korman, *J.*) denied Suarez's 28 U.S.C. § 2254 petition for habeas corpus. Suarez

raises two grounds for relief. First, he argues that the trial judge unreasonably refused to excuse a juror who announced a scheduling conflict shortly before deliberations were set to begin, thereby depriving Suarez of a verdict returned by an impartial and undistracted jury. Second, he argues that the trial court violated his due process rights by refusing to provide supplemental instructions in response to inquiries from the deliberating jury. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

As a preliminary matter, both issues are properly before this court. The district court granted a certificate of appealability on the claim of an impartial jury, and the district attorney does not dispute that this issue was procedurally exhausted. This court granted a certificate of appealability as to Petitioner's claim regarding the jury instructions. Exhaustion of certain aspects of this second issue is contested, but we find that Suarez did in fact fairly present the totality of his jury instructions claim to the state courts within the meaning of 28 U.S.C. §§ 2254(b) and (c). *See Rosa v. McCray,* 396 F.3d 210, 217 (2d Cir.2005).

We review the district court's denial of Petitioner's habeas application *de novo. See Boyette v. Lefevre,* 246 F.3d 76, 88 (2d Cir.2001). Both of Petitioner's habeas claims were denied by the New York Appellate Division on the merits, and we therefore may not grant habeas relief unless the state court dispositions of these claims were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or were "based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(1).

## I.

The first issue before this court is whether the retention of a juror who had a family obligation on the evening of the deliberations denied Suarez his Sixth Amendment right to an impartial jury. The district court rejected this proposition, finding that the proper framework for analyzing the juror's conflict was not as a question of partiality, *see United States v. Nelson,* 277 F.3d 164, 201 (2d Cir.2002) (explaining that impartiality evaluates whether a jury is "capable and willing to decide the case solely on the evidence before it" (quoting *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 554, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984))), but rather of jury coercion. As the lower court noted, the principle that "jurors may not be coerced into surrendering views conscientiously held" has been applied where direct or indirect pressure is placed on a deadlocked jury, *Jenkins v. United States,* 380 U.S. 445, 446, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965) (per curiam), a scenario that is arguably analogous to the present case.

■ Whether viewed as a matter of juror impartiality or jury coercion, a question on which we take no position, we find that the state court's rejection of Petitioner's claim on this issue was not "contrary to, or ... an unreasonable application of, clearly established Federal law." The state court's decision to retain the juror fell within the boundaries established by *Smith v. Phillips,* 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), with respect to impartiality, and *Early v. Packer,* 537 U.S. 3, 10–11, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam), with respect to coercion.

We therefore affirm the decision of the district court on this claim.

## II.

The second issue before us is whether the trial court failed to respond adequately to jury requests for re-instruction and clarification. The failure allegedly led to a mixed and contradictory verdict. At trial, in addition to seeking reinstruction on four occasions, the jury posed a question "as a group." The jury asked whether it was "considered burglary if someone 'the defendant' feels as if he's retrieving his own property? In this case money." After a discussion outside the jury's presence, in which the trial judge rejected defense counsel's concerns about the need to address the jury's confusion, the judge told the jurors that he could not answer their question, because it was "a factual matter." He re-read the elements of burglary and told the jury that burglary required intent to commit a crime inside the dwelling, emphasizing repeatedly that the intent could be to commit "any crime." Suarez argues that the judge had an obligation to explain that if the jury found that the defendant did not possess an intent to deprive an owner of property, he could not be convicted of robbery, or of burglary *premised on an intent to commit robbery or larceny.* The failure to do so, Suarez argues, deprived him of due process by preventing him from winning additional acquittals should the jury (as he asserts it ultimately did) credit his defense that during the contested events, Suarez was attempting to reclaim his own property, which he believed that one of the victims had stolen from him minutes before.

A petitioner seeking habeas relief based on a trial court's jury charge faces a heavy burden. The Supreme Court has stated that "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation," and it has focused our inquiry on "whether the ailing instruction so infected the entire trial that the resulting conviction violates due process." *Middleton v. McNeil,* 541 U.S. 433, 437, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004) (alteration omitted). We assess an allegedly flawed charge in the context of the overall instructions and evaluate whether there is a reasonable likelihood that the jury has applied an ambiguous instruction in a way that violates a defendant's federal rights. *See id.* Though errors in state law are not a basis for habeas relief, errors in state law can result in cognizable violations of the federal constitutional right to due process, which "protects a defendant from conviction unless he is shown in a fair proceeding to have violated those laws." *Davis v. Strack,* 270 F.3d 111, 123 (2d Cir.2001). Our task in the present case thus amounts to a three-step inquiry. We must ask, first whether the challenged instruction, or lack thereof, violated New York state law; second, if so, whether the alleged error was sufficiently harmful to make the conviction unfair as a matter of federal due process; and third, if so, whether the state court's error falls within one of the two prongs of 28 U.S.C. § 2254(d).[1] *See id.* at 124.

Turning to the first question, New York law gives a trial court discretion in responding to a jury's request for clarifica-

---

**1.** Specifically, the court may not grant the writ of habeas corpus unless the state court proceedings: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Davis,* 270 F.3d at 132–33.

tion. *See People v. Lourido*, 70 N.Y.2d 428, 522 N.Y.S.2d 98, 516 N.E.2d 1212, 1216 (1987). Nevertheless, the court "must respond meaningfully to the jury's inquiries." *Id.* The test of reversible error for failing to comply with a jury's request for information during deliberation is "whether the failure to respond seriously prejudiced the defendant." *Id.* Suarez argues that (1) the jury's repeated requests for reinstruction, (2) the jury's directed question regarding the implications of reclaiming one's own property for the burglary charge, and, most importantly, (3) the jury's acquittal on the larceny count, *see People v. Carbonell*, 40 N.Y.2d 948, 390 N.Y.S.2d 409, 358 N.E.2d 1034, 1035 (1976), indicated that the jury credited Petitioner's testimony that he was trying to reclaim his own stolen money. It follows, Suarez argues, that the jury would likely also have acquitted him on both the burglary and robbery charges if it had been provided meaningful supplementary instructions.

On habeas review below, the district court agreed that the jury verdict indicated confusion on the robbery count. [A 98, 119] It noted that Suarez should have been acquitted on that count if the jury believed—as its verdict found—that he was innocent of larceny. [A 98] Both robbery and larceny require a taking of property "from an owner thereof," N.Y. Penal Law §§ 155.05(1), 160.00, which is defined as "any person who has a right to possession thereof superior to that of the taker," N.Y. Penal Law § 155.00(5). *See People v. Wilson*, 93 N.Y.2d 222, 689 N.Y.S.2d 419, 711 N.E.2d 633, 635 (1999). Suarez's claim-of-right argument to money allegedly stolen from him moments before would, if credited by a jury, therefore negate a necessary element of robbery, no less than larceny.[2] *See People v. Green*, 5 N.Y.3d 538, 544, 807 N.Y.S.2d 321, 841 N.E.2d 289 (N.Y.2005).[3]

Nevertheless, the district court denied the writ. The court reasoned that even if Suarez were entitled to habeas relief on the robbery conviction, such relief would be of no practical significance, due to his concurrent sentences for both robbery and burglary. Even if the trial judge had meaningfully responded to the jury's question, the district court found, a burglary conviction would still have lain so long as the jury determined that Petitioner intended to commit a crime other than robbery or larceny (*e.g.*, assault), when he entered the apartment. As a result, the acquittal on the larceny count did not *require* an acquittal for burglary. And, the district court continued, since the burglary and robbery sentences were concurrent, a reversal of the robbery conviction would not lessen Petitioner's sentence. Because of

---

2. It is clear under New York law, as Suarez admits, that a defendant is not entitled to a jury charge on a claim-of-right *defense* to a robbery count, to which he would have been entitled for a larceny charge. *See People v. Green*, 5 N.Y.3d 538, 544, 807 N.Y.S.2d 321, 841 N.E.2d 289 (N.Y.2005); *see also* N.Y. Penal Law § 155.15(1) (providing that a good faith claim of right is an affirmative defense for a *larceny* charge).

3. In *Green*, the New York Court of Appeals distinguished scenarios where a defendant has forcibly taken fungible cash to satisfy an alleged past debt, which the Court has deemed beyond the realm of permissible self-

help, *see People v. Reid*, 69 N.Y.2d 469, 515 N.Y.S.2d 750, 508 N.E.2d 661, 662 (1987), from "robbery ... of a particular chattel," in which "a good-faith claim that the chattel belonged to the taker, would, if believed by the jury, negate the element of larcenous intent," *Green*, 5 N.Y.3d at 544, 807 N.Y.S.2d 321, 841 N.E.2d 289. By acquitting Suarez of larceny, the jury seems to have determined that Suarez was not seizing money from "an owner thereof," but was actually reclaiming cash that one of the victims had stolen moments before. *See* N.Y. Penal Law §§ 155.05(1), 160.00, 155.00(5).

this, the court found that habeas relief was not justified.[4]

█ We agree with the district court that, hypothetically, a jury could find that Suarez committed a burglary by intending to commit some crime other than the taking of property. But we are by no means sure that the jury, properly instructed, would have convicted Suarez of burglary. If the jury would not have convicted Suarez of burglary, then the handling of the jury's inquiry in this case might well satisfy the second prong of the *Davis* test, *i.e.*, it could amount to an error in state law that was sufficiently harmful as to make the conviction unfair as a matter of federal due process. *See Davis,* 270 F.3d at 124. The district court did not expressly focus on this question, and we believe it should do so in the first instance. Accordingly, we remand for consideration of whether, on the facts of this specific case, there was a serious doubt (such that the conviction might be a violation of due process) that the jury would have convicted Suarez of burglary, had they acquitted him of both robbery and larceny. We reserve decision on the implications of the district court's finding with respect to Petitioner's ultimate claim for habeas relief on both his robbery and burglary convictions.

For the reasons stated above, the district court's judgment of March 19, 2002, is AFFIRMED with respect to the claim of an impartial jury. The judgment is VACATED with respect to the jury instructions claim, and the case is REMANDED for further proceedings consistent with

this opinion. Because we remand only for the limited purpose of determining whether there was sufficient doubt that the jury would in fact have convicted Suarez of burglary if they had acquitted him of robbery, we remand pursuant to *United States v. Jacobson,* 15 F.3d 19 (2d Cir. 1994). Although the mandate shall issue forthwith, we retain jurisdiction so that either of the parties may seek appellate review by notifying the Clerk of the Court within thirty days of entry of the district court's judgment on remand. *See, e.g., Galviz Zapata v. United States,* 431 F.3d 395, 400 (2d Cir.2005). Such notification will not require the filing of a new notice of appeal. If notification occurs, the matter will be referred automatically to this panel for disposition.

---

4.  We decline to invoke the discretionary concurrent sentence doctrine in this case, because the government has not met its burden of persuading the court that "the risk of collateral consequence is too slight to justify review," as analyzed through this court's five-factor analysis of collateral consequences. *United States v. Vargas,* 615 F.2d 952, 960 (2d Cir.1980); *see also Sanders v. Sullivan,* 863

F.2d 218, 226 n. 8 (2d Cir.1988) (invoking the five-factor concurrent sentence doctrine analysis identified in *Vargas* in the context of a petition for habeas relief). For reasons related to our concerns about the burglary conviction, however, we do not at this time consider whether habeas relief on the robbery count alone was justified.