**Efrain SUAREZ, Petitioner–Appellant,**

v.

**Floyd G. BENNETT, Respondent–Appellee.**

No. 04–1143–pr.

United States Court of Appeals,
Second Circuit.

Dec. 5, 2006.

Georgia J. Hinde, New York, N.Y., for Petitioner–Appellant.

Morgan J. Dennehy, Assistant District Attorney (Leonard Joblove and Victor Barall, Assistant District Attorneys, on the brief), for Charles J. Hynes, District Attorney Kings County, Brooklyn, N.Y., for Respondent–Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

On August 27, 1996, Petitioner–Appellant Efrain Suarez ("Suarez" or "Petitioner") was convicted in New York state court of robbery in the first degree (N.Y. Penal Law § 160.15[3] ), burglary in the first degree (N.Y. Penal Law § 140.30[3] ), and criminal possession of a weapon in the fourth degree (N.Y. Penal Law § 265.01[2] ). He was acquitted of grand larceny in the fourth degree (N.Y. Penal Law § 155.30[5] ). On March 20, 2002, the United States District Court for the Eastern District of New York (Korman, *J.*) denied Suarez's 28 U.S.C. § 2254 petition for habeas corpus. Following oral arguments before this court, on March 8, 2006, we remanded Suarez's petition to the district court for consideration in the first instance of whether, on the facts of this specific case, there was a serious doubt (such that the conviction might be a violation of due process) that the jury would have convicted Suarez of burglary had they acquitted him of robbery as well as larceny. *See Suarez v. Bennett,* 171 Fed. Appx. 361 (2d Cir.2006). The district court found that, given the evidence presented at trial, a jury conviction for burglary based on the intent to commit one or more crimes other than robbery followed from the jury's other findings. Having remanded for a limited purpose pursuant to *United States v. Jacobson,* 15 F.3d 19 (2d Cir.1994), we now resume jurisdiction of this case at Petitioner–Appellant's request. We assume familiarity with our earlier order, the underlying facts, the procedural history, and the scope of issues presented on appeal, which we reference only as necessary to explain our decision.

Renewing his habeas challenges to both the burglary and robbery convictions, Suarez argues that the trial court violated his right to due process by refusing to provide supplemental instructions in response to inquiries from the deliberating jury. As discussed in our prior order, this issue has been procedurally exhausted and is properly before the court. *See* 28 U.S.C. §§ 2254(b) and (c); *Rosa v. McCray,* 396 F.3d 210, 217 (2d Cir.2005). We review the district court's denial of Petitioner's habeas application *de novo. See Boyette v. Lefevre,* 246 F.3d 76, 88 (2d Cir.2001).

 For substantially the reasons given by the district court on remand, habeas relief is not warranted for Suarez's conviction for burglary. As for Suarez's conviction for robbery, the district court expressed concern about the relationship between the robbery conviction and the larceny acquittal. The court denied the writ on this issue, however, finding that habeas relief on the robbery conviction would not affect the length of Suarez's sentence. As noted in our prior order, this invocation of the concurrent sentence doctrine was inappropriate, because the government did not meet its burden of showing that the risk of collateral consequences is too slight to justify review. *See United States v. Vargas,* 615 F.2d 952, 960 (2d Cir.1980); *see also Sanders v. Sullivan,* 863 F.2d 218, 226 n. 8 (2d Cir.1988) (invoking the five-factor concurrent sentence doctrine analysis identified in *Vargas* in the context of a petition for habeas relief).

Nevertheless, the district court's ultimate denial of habeas relief on the robbery conviction must be affirmed. As both parties recognize, we are not permitted to grant habeas simply because a jury's verdicts are inconsistent. *See Harris v. Rivera,* 454 U.S. 339, 345–48, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981) (per curiam). When limited to the issue of whether the *robbery* conviction by itself can stand, the trial judge's charges to the jury on the robbery count, as well as his response to the jury's request for clarification of the burglary count, did not violate New York state law governing such instructions. *See People v. Green,* 5 N.Y.3d 538, 807 N.Y.S.2d 321, 841 N.E.2d 289, 291–93 (2005); *People v. Lourido,* 70 N.Y.2d 428, 522 N.Y.S.2d 98, 516 N.E.2d 1212, 1216 (1987). Nor did the trial infirmities alleged rise to the level of a federal due process violation. *See Middleton v. McNeil,* 541 U.S. 433, 437, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004) (per curiam) ("The question is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process." (internal quotation marks and alteration omitted)).

Accordingly, we AFFIRM the judgment of the district court. We compliment the attorneys, especially counsel for Petitioner, for a particularly assiduous job in arguing this challenging case.