[968 NE2d 960, 945 NYS2d 606]

The People of the State of New York, Respondent, v Debra Pagan, Appellant.

Argued February 16, 2012; decided April 3, 2012

92

**POINTS OF COUNSEL**

*Legal Aid Society,* New York City (*Svetlana M. Kornfeind* and *Steven Banks* of counsel), for appellant. I. The evidence of attempted robbery is legally insufficient where the complainant's

testimony established appellant's good faith but mistaken belief of fact that she was the "owner" of the $16 held by the complainant, thereby negating the essential element of larcenous intent. (*In re Winship*, 397 US 358; *Jackson v Virginia*, 443 US 307; *Sullivan v Louisiana*, 508 US 275; *People v Contes*, 60 NY2d 620; *People v Green*, 5 NY3d 538; *People v Olivo*, 52 NY2d 309; *People v Zinke*, 76 NY2d 8; *People v Acevedo*, 40 NY2d 701; *People v Rypinski*, 157 AD2d 260; *People v Gudz*, 18 AD3d 11.) II. Appellant was denied her due process right to a fair trial, where (a) the court, over objection, improperly instructed the jury, in its main and supplemental charges, that the law did not permit appellant to use force to take money from another person, even if she honestly believed she was entitled to take money, thereby directing a verdict on the attempted robbery count and nullifying appellant's mistake-of-fact defense, and (b) the court erroneously refused the defense request for a mistake-of-fact charge. (*People v Flynn*, 79 NY2d 879; *People v Lewis*, 64 NY2d 1031; *United States v Gaudin*, 515 US 506; *People v Knowles*, 42 AD3d 662; *In re Winship*, 397 US 358; *People v Williams*, 5 NY3d 732; *Sullivan v Louisiana*, 508 US 275; *People v Rodriguez*, 52 AD3d 399; *People v Simmons*, 15 NY3d 728; *People v Smith*, 79 NY2d 309.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Sara M. Zausmer* and *Gina Mignola* of counsel), for respondent. I. The court's charge to the jurors correctly stated the relevant legal principles regarding the element of larcenous intent for attempted second-degree robbery. (*People v Green*, 5 NY3d 538; *People v Reid*, 69 NY2d 469; *People v Watts*, 57 NY2d 299; *People v Gaines*, 83 NY2d 925; *People v Sirico*, 17 NY3d 744; *People v Perry*, 61 NY2d 849; *People v Zona*, 14 NY3d 488; *People v Chesler*, 50 NY2d 203; *People v Fichtner*, 281 App Div 159, 305 NY 864; *United States v Zappola*, 677 F2d 264.) II. The People proved defendant's guilt of attempted second-degree robbery, including the element of larcenous intent, beyond a reasonable doubt. (*People v Danielson*, 9 NY3d 342; *People v Cabey*, 85 NY2d 417; *People v Acosta*, 80 NY2d 665; *People v Contes*, 60 NY2d 620; *People v Castillo*, 47 NY2d 270; *People v Dordal*, 55 NY2d 954; *People v Hines*, 97 NY2d 56; *People v Malizia*, 62 NY2d 755; *People v Montanez*, 41 NY2d 53; *People v Green*, 5 NY3d 538.)

#### OPINION OF THE COURT

PIGOTT, J.

In this appeal, we address the relation between a claim of right defense and a mistake of fact defense in the second-degree

robbery context. We conclude that, in the circumstances of this case, the two defenses are equivalent.

## I.

The incident underlying this appeal occurred after defendant Debra Pagan hailed a livery cab from a bus stop at 116th Street and Madison Avenue, in Manhattan. Defendant asked the cabdriver to take her to 109th Street and Lexington Avenue, and she told him that she had only four dollars on her. Although a minimum fare of six dollars applied in the area, the cabdriver agreed to the lower amount, because defendant appeared ill.

There then ensued a rather bizarre series of cash transactions. When they arrived at the requested destination, defendant gave the cabdriver a dollar bill and a $20 bill (this from the person who had said she had only four dollars for the trip). The cabdriver returned the dollar to defendant, telling her that he did not need it to make change. He then gave her $16 in change. Defendant insisted that she was entitled to $17 in change. The cabdriver pointed out to defendant that he had returned the dollar she had given him, before giving her the correct change from $20.

Defendant demanded that the cabdriver return the $20 bill, which he did. Then, instead of returning the $16 change and restarting the transaction, defendant offered the cabdriver $4 from the $16 he had given her as change. The cabdriver refused to take the money, telling defendant that she was paying him from his own money. Defendant replied that the cabdriver was confusing her, and took the $4 back. She now had her money and the cabdriver's money.

At this time, the security locks on the livery cab were active, preventing defendant from leaving the car. The cabdriver asked defendant to return the $16 he had given her, offering to forgive the $4 she owed him. Defendant refused; but, when the cabdriver told defendant that he would take her to the police precinct, she placed the $16 on the console between the front seats, and the cabdriver then unlocked the doors. However, defendant refused to leave the cab, accusing the cabdriver of stealing from her.

The cabdriver began to drive to the nearest police precinct. He had the $16 in his right hand. There was no partition between the front and rear seats of the livery cab. Defendant leaned forward and tried to grab the $16, scratching and biting

the cabdriver's hand in the process. The cabdriver held on to the money.

At the corner of 107th Street and Lexington Avenue, the cabdriver stopped the car. Defendant said to the cabdriver, "Now you're going to see." She pulled out a knife, and demanded the money back. Seeing two police officers, the cabdriver attracted their attention, telling them that his passenger had a knife. When the officers approached the cab, defendant was in the back seat, clutching a knife.

Defendant was arrested and subsequently indicted on charges of attempted robbery in the first degree, attempted robbery in the second degree, criminal possession of a weapon in the third degree, assault in the third degree, and menacing in the second degree. She proceeded to a jury trial in Supreme Court.

## II.

Defendant did not testify or call any witnesses. At the close of evidence, defendant moved for dismissal of the attempted robbery counts under CPL 290.10, arguing that the People had failed to prove intent to take another's property. Supreme Court reserved decision on defendant's motion.

During the charge conference, the prosecutor asked Supreme Court to instruct the jury that claim of right is not a defense to robbery. Defense counsel objected to such a negative claim of right instruction, insisting that the defense would not be asking for a claim of right instruction in the first place. Instead, defense counsel requested what she called a mistake of fact instruction, namely that the jury must find defendant not guilty of attempted robbery if it concluded that she had been acting under a mistaken belief that the $16 in change in fact belonged to her, such that she could not have formed the intent to steal it. Supreme Court denied defendant's request, reasoning that a claim of right instruction would not be permitted, and that there was no distinction in the present case between a claim of right instruction and a mistake of fact instruction. Defense counsel was permitted to argue mistake of fact to the jury, but would have to do so without the support of a jury charge.

In summation, defense counsel argued that defendant had been confused and thought the money she was trying to take was her own. The prosecutor emphasized that defendant had no right to resort to physical force to take money, regardless of whether she believed the money was hers.

Ultimately, Supreme Court gave the negative claim of right instruction, telling the jury that "the law does not permit one person to use force to take money from another person, even where the person doing the taking honestly believes he or she is entitled to the money." Supreme Court did not give the mistake of fact instruction requested by the defense.

The jury found defendant guilty of all the charges except attempted robbery in the first degree, which count was dismissed on the People's motion. Supreme Court denied defendant's motion to dismiss, and defendant was duly convicted of the remaining charges, including attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [a]).

On appeal, defendant argued that Supreme Court committed reversible error by refusing her requested mistake of fact charge and that the evidence was legally insufficient. The Appellate Division affirmed the judgment of conviction (81 AD3d 86 [1st Dept 2010]). A Judge of this Court granted defendant leave to appeal (16 NY3d 834 [2011]). We now affirm.

## III.

 Robbery is defined as "forcible stealing" (Penal Law § 160.00); larceny is an element of robbery. Although it is a defense to larceny "that the property was appropriated under a claim of right made in good faith" (Penal Law § 155.15 [1]), our case law has limited the application of that defense to robbery. Forcibly taking the property of another, even when one honestly believes it to be one's own property "entails the risk of physical or mental injury to individuals" (*People v Reid*, 69 NY2d 469, 476-477 [1987]). Thus, we have held that the claim of right defense may not be raised in a robbery case when a defendant takes money to satisfy a preexisting debt (*id.*). Moreover, we have held that, even when a claim of right defense is permitted, a jury instruction outlining the claim may not be given in a robbery case, "regardless of the nature of the property taken" (*People v Green*, 5 NY3d 538, 545 [2005]).

For these reasons, a jury instruction concerning a claim of right defense would not have been permissible in the present case. Defendant insists, however, that the jury instruction she sought related not to a claim of right, but to the defense of mistake of fact. Under that defense, a person is relieved of criminal liability for conduct that she engages in "under a mistaken belief of fact" if "[s]uch factual mistake negatives the culpable mental state required for the commission of an offense" (Penal Law § 15.20 [1] [a]).

Defendant's argument misapprehends the relation between the claim of right defense and the mistake of fact defense. Depending on the underlying facts, the two defenses may overlap, such that the defenses are identical to one another. Insofar as defendant's claim of right defense involves the claim that defendant had a mistaken belief that the property she tried to take was her own, it is also a mistake of fact defense, because it amounts to the claim that defendant's "factual mistake negatives the culpable mental state required for the commission of [the] offense" (Penal Law § 15.20 [1] [a]), namely larcenous intent. In this factual scenario, the claim of right defense is a specific instance of the more general category of mistake of fact.

A mistake of fact defense, claiming that defendant erroneously but honestly believed that the property she tried to take was hers, is therefore governed by the same case law that restricts a claim of right defense. The mistake of fact defense, like the identical claim of right defense, will not apply when the crime involves taking money by force to satisfy a preexisting debt (*see Reid*, 69 NY2d at 476-477), and no jury instruction concerning that mistake of fact defense is permissible in a robbery case, "regardless of the nature of the property taken" (*People v Green*, 5 NY3d 538, 545 [2005]). It follows that, under *Green*, defendant was not entitled to the jury instruction that she requested on her mistake of fact defense.

## IV.

We now turn to the question whether the People were entitled to a negative claim of right charge.

Part of our rationale for disallowing a claim of right defense when a defendant takes money to satisfy a preexisting debt has been that a person cannot have a true claim to bills or other currency, because they are fungible (*see Reid*, 69 NY2d at 476). Generally, the law considers a defendant who believes that he is owed a sum of money, and then takes cash in that amount by force, to have committed robbery. On the other hand, a good faith belief that a chattel belongs to the taker would, if credited by the jury, negate the larcenous intent element of robbery (*Green*, 5 NY3d at 544).

The difference lies in whether defendant may have had a good faith belief that the particular property belonged to him. When a defendant takes a hundred dollars from a debtor by force, without any evidence to suggest that defendant cares about the particular bills making up that hundred dollars,

defendant cannot be said to have a good faith belief that the bills are his own. On the other hand, when a defendant takes a painting, or a car, or a television set, he may have an honest belief that it is his own property he is retrieving.

Currency might be, in essence, chattel if its intrinsic qualities, as opposed to its monetary value, are significant to the defendant, for example if defendant takes what he mistakenly believes to be a Roman coin from his collection or what he incorrectly thinks is a bill he marked with a handwritten poem. One can also conceive of a situation in which cash acquires a chattel-like status, through the circumstances of the taking. A person who sees a burglar emerge from her home carrying what she believes to be bundles of cash she had left under her bed has a claim of right defense if she takes the cash back by force and it turns out that it was not hers.

Here, defendant's mistake of fact or claim of right defense, to prevail, must rest on the theory that the $16 she attempted to take were, in essence, chattels, not fungible cash. But there was no evidence that the particular bills making up the $16 had any significance for defendant, or that she could identify them as hers. Those bills were change that the cabdriver produced after defendant gave him $20. Therefore, Supreme Court's negative claim of right instruction was proper. Consequently, we find that the jury charge contained no error.

## V.

■ Defendant's challenge to the sufficiency of the evidence rests on the argument that the People failed to disprove her mistake of fact defense. As we have noted, that defense, in this factual setting, amounts to a claim of right defense. It is an ordinary, not an affirmative, defense (*People v Chesler*, 50 NY2d 203, 209-210 [1980]), and the burden of disproving it, when raised, is on the People.

Here, the jury heard evidence that defendant had negotiated a $4 fare even though she carried $21; tried to pay the cabdriver the agreed fare from money he had given her as change, after retrieving from him the money she had paid him; scratched and bit the cabdriver in an effort to take money from him; and produced a knife while continuing to demand money. Considering the facts in the light most favorable to the People, as we must on a legal sufficiency challenge, the jury could have rationally concluded that defendant had no good faith belief that the bills she tried to take were hers, but was instead trying

to take money she knew was another's. The People met their burden of disproving the defense.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed.