People v Hill (2018 NY Slip Op 00236)





People v Hill


2018 NY Slip Op 00236


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5438 2225/12

[*1]The People of the State of New York, Respondent,
v
Anton Hill, Defendant-Appellant.


Goldstein & Weinstein, Bronx (David J. Goldstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip Morrow of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered August 15, 2014, convicting defendant, after a jury trial, of kidnapping in the second degree, and sentencing him, as a second violent offender, to a term of 15 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence overwhelmingly established that defendant restrained the victim under the threat of deadly physical force (see Penal Law §§ 135.00, 135.20; People v Dodt, 61 NY2d 408, 411 [1984]). Defendant wielded a pistol and repeatedly punched the victim until he broke his jaw, while preventing him from leaving his place of business as defendant demanded repayment of a debt.
The court providently exercised its discretion in admitting an audio recording of the incident made by the victim on his phone. The victim testified that it was a true and accurate representation of the incident, and that he did not tamper with or alter the recording before giving it to the People. This was all the authentication testimony required by law (see People v Ely, 68 NY2d 520, 527—28 [1986]). Moreover, two other witnesses, including a defense witness, confirmed the recording's accuracy. The recording was not rendered inadmissible by the fact that it did not capture the entire incident, because the witnesses testified that it did so for the time that it was recording, and the jury was aware that it omitted the beginning and end of the incident (see People v Devers, 82 AD3d 1261, 1262 [2d Dept 2011], lv denied 17 NY3d 794 [2011]; see also People v Cabrera, 137 AD3d 707 [1st Dept 2016], lv denied 27 NY3d 1129 [2016]).
In a trial marked by lengthy and contentious cross-examinations of the People's witnesses, the court providently exercised its discretion when it requested, at one point, that defense counsel disclose what other areas he wanted to explore during the remaining cross-examination of the victim. This did not amount to an improper curtailment of cross-examination in these circumstances. In any event, the court permitted inquiry into the areas defense counsel sought to explore.
The court also providently exercised its discretion in giving the jury an instruction that a claim of right was not a defense to the submitted count of assault in the first degree. Although no such defense was raised and no such charge was requested, the evidence suggested that defendant beat and threatened the victim in an effort to collect a legitimate debt. Accordingly, this anticipatory instruction was appropriate for the purpose of avoiding speculation by the jury (see People v Pagan, 81 AD3d 86, 92 [1st Dept 2010], affd 19 NY3d 91 [2012]; People v Rodriguez, 52 AD3d 399 [1st Dept 2008], lv denied 11 NY3d 834 [2008]).
The portion of the prosecutor's summation suggesting that the defense witness had a "motive to fabricate" was a fair comment on the evidence that was responsive to the defense summation (see People v Overlee, 236 AD2d 133, 136 [1st Dept 1997], lv denied 91 NY2d 976 [1998]).
Defendant's remaining contentions concerning the prosecutor's summation and the [*2]court's conduct of the trial are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK