*449
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 Defendant applied for resentencing pursuant to section 60.09 of the Penal Law. This section, which permits resentencing of persons convicted of class A-II and A-III drug felonies, was enacted to undo the perceived harsh sentencing consequences of the 1973 drug laws where appropriate (see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 60.09 [Cum Supp], p 56). The statutory language of section 60.09 leaves room but for one conclusion — that the decision to grant such an application for resentencing is discretionary.
 

 The present appeal is from an order of the Appellate Division dismissing the appeal taken by defendant from the denial of his application for resentencing. Jurisdiction to this court is predicated upon CPL 470.60 (subd 3). It is fundamental that in the absence of a statute expressly authorizing a criminal appeal, there is no right to appeal in a criminal case in this State (see
 
 Matter of State of New York v King,
 
 36 NY2d 59, 63). Since there is no statutory provision upon which an appeal from the denial of an application for resentencing pursuant to section 60.09 of the Penal Law may be predicated, we conclude that the Appellate Division properly dismissed defendant’s appeal. It is important to note that defendant is not seeking to appeal from either a sentence or a resentence, but instead seeks to appeal from the denial of an application for resentencing in accordance with section 60.09 of the Penal Law. Accordingly, CPL 450.10 (subd. 2) and 450.30 (subds 1, 2) have no application. Additionally, the present situation does not fall within the limited grounds upon which an appeal may be taken from the denial of a motion for resentencing (CPL 450.15, subd 2; 440.20). Similarly, no appeal may be had pursuanfto CPL 450.15 (subd 1); and, of course, section 60.09 of the Penal Law does not itself provide for an appeal. Indeed, we are required to conclude that since the Legislature failed to provide for an appeal from the denial of an application for resentencing pursuant to section 60.09 of the Penal Law, no appeal was intended.
 

 
 *450
 
 In view of the procedural posture of the present case, we neither reach nor express any view on the contention that defendant had the right to a hearing or representation by counsel on an application for resentencing under section 60.09 of the Penal Law.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur in
 
 Per Curiam
 
 opinion; Judge Fuchsberg concurs in result (see his dissent in
 
 People v Stephens,
 
 55 NY2d 778, 779).
 

 Order affirmed.
 

 
 *453
 
 The admission of the January 25, 1978 statement was not harmless error.
 
 (People v Almestica,
 
 42 NY2d 222;
 
 United States ex rel. Savino v Follette,
 
 305 F Supp 277, 417 F2d 1070,
 
 sub nom. People v Savino,
 
 22 NY2d 732;
 
 People v Wander,
 
 47 NY2d 724;
 
 People v Jones,
 
 47 NY2d 528;
 
 People v Crimmins,
 
 36 NY2d 230;
 
 People v Buxton,
 
 44 NY2d 33;
 
 People v Valerius,
 
 31 NY2d 51;
 
 People v Havelka,
 
 45 NY2d 636;
 
 People v Tutt,
 
 38 NY2d 1011.) II. The failure to give an instruction prohibiting corroboration between accomplices was prejudicial error.
 
 (People v Jelke,
 
 1 NY2d 321.) III. Repugnancy: The acquittals of counts one through eight eliminated all factual substance offered by the People to support count nine.
 
 (People v Cole,
 
 35 NY2d 911;
 
 People v Carbonell,
 
 40 NY2d 948;
 
 People v McEaddy,
 
 30 NY2d 519;
 
 People v Haymes,
 
 34 NY2d 639;
 
 People v Iannone,
 
 45 NY2d 589;
 
 People v Fitzgerald,
 
 45 NY2d 574;
 
 People ex rel. Guido v Calkins,
 
 10 AD2d 510;
 
 People v Moy,
 
 56 AD2d 853.)