Hector VAZQUEZ, Petitioner-Appellant,

v.

Charles J. SCULLY, Superintendent, Green Haven Correctional Facility and Robert Abrams, Attorney General, State of New York, Respondents-Appellees.

No. 669, Docket 83–2132.

United States Court of Appeals, Second Circuit.

Submitted Jan. 24, 1984.

Decided March 13, 1984. ·

Randolph Z. Volkell, Prisoners' Legal Services of New York, New York City (David C. Leven, Peggy J. Gartenbaum, Prisoners' Legal Services of New York, New York City, on the brief), for petitioner-appellant.

Grace Brannigan, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., New York City, on the brief), for respondents-appellees.

Before MANSFIELD, PIERCE and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Hector Vazquez, who is presently a prisoner in a New York state correctional facility, appeals from the dismissal of his habeas corpus petition. Judge Gagliardi dismissed that petition without prejudice on the ground that Vazquez had never presented his federal claims to a New York state court with appropriate jurisdiction and thus had not exhausted his state remedies. We affirm.

After pleading guilty to the criminal sale of a controlled substance in the third degree, Vazquez was sentenced on June 4, 1976 to an indeterminate term of one year to life. In 1979, New York revised relevant provisions of its penal laws and reduced the maximum term of imprisonment for Vazquez's crime to twenty-five years. It also allowed persons previously convicted of such a crime to apply for discretionary resentencing. The New York state court system, in anticipation of such appli-

cations, provided persons seeking resentencing with a form we set out in the margin.[1]

Vazquez filled out such a form and checked the third box, thereby requesting assignment of counsel and a hearing on the application for resentencing. The request for counsel and a hearing and his application for resentencing were denied by New York Supreme Court Justice Cohen on April 28, 1981. Leave to appeal was denied by the Appellate Division, First Department, on June 18, 1981 and an application for leave to appeal to the New York Court of Appeals was dismissed on the ground that Justice Cohen's order was not appealable. Certiorari was denied by the Supreme Court of the United States on February 22, 1982.

Vazquez then filed the petition for a writ of habeas corpus which is before us. In it he claims that the denial of his application for resentencing by Justice Cohen without the appointment of counsel and a hearing denied him federal constitutional rights. Judge Gagliardi held that Vazquez had not "fairly presented" these federal claims to the state courts and dismissed the petition.

■■■ We agree that Vazquez has not exhausted available state remedies by advancing in the state courts the federal claims he now asserts. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General of the State of New York,* 696 F.2d 186 (2d Cir. 1982) (en banc). Under *Daye,* a petitioner need not give express citations to the Constitution in presenting federal claims to state courts if the arguments advanced include any of the following:

(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

696 F.2d at 194.

Since the application presented by Vazquez to Justice Cohen cited no cases, state or federal, and alleged no relevant factual patterns, Vazquez must rely upon (c) *supra,* "assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution."

We believe that his claim in the manner asserted did not "call to mind" a federal constitutional right. A request for the appointment of counsel may assert a sixth amendment right or simply address the discretion of the court. In the present case, Vazquez checked a box in a form application provided by the New York court system. In effect, he answered "yes" to a question put to him and the content of his answer is inseparable from the meaning of

---

**1.** The Application reads as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF _____

PEOPLE OF THE STATE OF NEW YORK

—against—

_____
(Name, a/k/a)

APPLICATION PURSUANT TO NEW YORK PENAL LAW § 60.09

I believe that I am eligible for resentencing under the revised drug law, §§ 60.05 *et seq.*

I was convicted in this Court of the following drug offense: _____.

I was convicted of this offense under the name of _____

I was sentenced on _____ by Judge _____
(Name)

to a sentence of ____ years to _____.

My indictment number on this conviction was _____.

I am hereby notifying the Court that I wish to be resentenced after a full presentation by counsel.

I am also sending a copy of this notification to the District Attorney of the county where I was convicted.

(Check one of the following:)

☐ I have retained counsel to represent me on this application.

My counsel is: _____
(Name)

_____
(Address)

☐ I intend to retain counsel but have not yet done so.

☐ I am without funds to retain counsel. I hereby request that the Court assign counsel to represent me on this application. I am submitting an affidavit of indigency with this application.

(Signed) _____

_____        (Name)
(Date Submitted)

_____        _____
(DOCS Number)        (Address)

the question posed. That meaning, we believe, is best illuminated by judicial officers of the state system which provided the form in question, and we decline to read into it assertions of claims which were not recognized by the state judge involved and are not apparent on the face of the form itself. The very denial of the request for counsel and a hearing indicates that Justice Cohen believed it to be addressed to his discretion and not to assert a federally guaranteed right. In these circumstances we believe that no federal claim was "fairly presented" to the New York courts. We need not reach, therefore, the issue of whether the language in question is sufficiently specific to raise a federal claim if used in papers prepared by a prisoner rather than a form provided by the state.

Since the New York appellate courts had no jurisdiction to review on appeal the merits of Justice Cohen's denial of the application, *People v. DeJesus*, 54 N.Y.2d 447, 446 N.Y.S.2d 201, 430 N.E.2d 1254 (1981), Vazquez has never presented his current claims to a New York state court with jurisdiction over them. We also agree with Judge Gagliardi that state remedies may yet be available to Vazquez in a motion to set aside the sentence pursuant to Section 440.20 of the New York Criminal Procedure Law.[2] While the availability of such a remedy is by no means certain, it is sufficiently arguable that it must be ruled on in the first instance by New York courts.

**2.** New York Criminal Procedure Law § 440.20 (McKinney 1983) reads:

1. At any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law.

2. Notwithstanding the provisions of subdivision one, the court must deny such a motion when the ground or issue raised thereupon was previously determined on the merits upon an appeal from the judgment or sentence, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue.

3. Notwithstanding the provisions of subdivision one, the court may deny such a motion

*Wilson v. Fogg*, 571 F.2d 91, 95 (2d Cir. 1978).

Affirmed.

when the ground or issue raised thereupon was previously determined on the merits upon a prior motion or proceeding in a court of this state, other than an appeal from the judgment, or upon a prior motion or proceeding in a federal court, unless since the time of such determination there has been a retroactively effective change in the law controlling such issue. Despite such determination, however, the court in the interest of justice and for good cause shown, may in its discretion grant the motion if it is otherwise meritorious.

4. An order setting aside a sentence pursuant to this section does not affect the validity or status of the underlying conviction, and after entering such an order the court must resentence the defendant in accordance with the law.