People v Abdullah (2021 NY Slip Op 05742)





People v Abdullah


2021 NY Slip Op 05742


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

109821 110795
[*1]The People of the State of New York, Respondent,
v
Yaqin Abdullah, Appellant.

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Pamela B. Bleiwas, Ithaca, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Egan Jr., J.P.
Appeals (1) from a judgment of the Supreme Court (Breslin, J.), rendered October 10, 2017 in Albany County, convicting defendant following a nonjury trial of the crime of burglary in the second degree (two counts), and (2) by permission, from an order of said court, entered December 19, 2018 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
On July 30, 2015, defendant was arrested for unlawfully entering an apartment in the City of Albany and touching the occupant's genital area over her clothing while she was asleep in bed. On August 4, 2015, the People presented three charges to a grand jury (hereinafter the first grand jury), alleging that defendant committed the crimes of burglary in the second degree as a sexually motivated felony, sexual abuse in the first degree and robbery in the third degree. The jury returned a "no bill" on the first count charging defendant with burglary in the second degree as a sexually motivated felony but took no action with respect to the other two counts. Defendant was released from custody the following day. On August 6, 2015, defendant was arrested a second time, this time for allegedly burglarizing the apartment of another individual in the City of Albany. On August 7, 2015, following the People's presentment to the second grand jury, he was indicted (hereinafter the first indictment) for a single count of burglary in the second degree. Defendant moved to dismiss the first indictment and Supreme Court granted the motion, finding that the People had failed, as a matter of law, to provide defendant with sufficient notice of the second grand jury proceeding, but granted the People leave to resubmit the charge.
In September 2015, despite a no bill having been issued by the first grand jury with respect to the July 2015 incident charging defendant with burglary in the second degree as a sexually motivated felony, the People filed an ex parte application seeking permission to resubmit a burglary in the second degree charge with respect to the same incident to a new grand jury — this time excluding the sexually motivated felony component — contending that the first grand jury had acted in an irregular manner. Supreme Court granted the application and permitted the People to resubmit the charge to a new grand jury. A third grand jury proceeding ensued and defendant was thereafter indicted (hereinafter the second indictment) for one count of burglary in the second degree and one count of sexual abuse in the first degree related to the July 2015 incident and one count of burglary in the second degree related to the August 2015 incident. Defendant moved to dismiss the second indictment on the ground that the third grand jury proceeding and second indictment were defective, but the motion was denied.
In November 2015, defendant filed an omnibus motion seeking, among other things, dismissal of the second indictment on the ground [*2]that the People failed to comply with CPL 190.75 when it resubmitted the charges to the third grand jury. Supreme Court granted the motion with respect to count 2 of the second indictment charging defendant with sexual abuse in the first degree, finding that the People were required to seek court authorization before resubmitting this charge to a new grand jury, and denied the motion with regard to the two remaining burglary counts. Defendant thereafter pleaded guilty to both counts of burglary in the second degree; however, Supreme Court granted defendant's subsequent motion to withdraw the plea. Defendant then again moved to dismiss the two remaining counts, arguing, among other things, that the People failed to comply with CPL 190.75 when it resubmitted the charges to the third grand jury, but Supreme Court denied the motion, explaining that resubmission of the July 2015 burglary charge was appropriate because the People's ex parte application had presented a different theory of the case.
In October 2016, defendant once again pleaded guilty to two counts of burglary in the second degree but, in December 2016, Supreme Court again granted defendant's motion to withdraw his plea. Defendant thereafter waived his right to a jury trial and, following a two-day bench trial, Supreme Court found defendant guilty of two counts of burglary in the second degree. He was subsequently sentenced, as a second felony offender, to two concurrent prison terms of 14 years, to be followed by five years of postrelease supervision. Defendant's subsequent motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied. Defendant appeals the judgment of conviction and, by permission, the denial of his CPL article 440 motion.[FN1]
Initially, defendant's contention that his due process rights were violated based upon the ex parte nature of the People's application to resubmit the burglary in the second degree charge is unpreserved for our review (see People v Rodriguez, 195 AD3d 1237, 1238 [2021]). In any event, it is also without merit (see People v Washington, 125 AD2d 967, 969 [1986], lv denied 69 NY2d 887 [1987]). Additionally, although Supreme Court's order authorizing resubmission did not specify the exact charge that the People were authorized to resubmit, the People's ex parte application in this regard only sought to resubmit a single charge of burglary in the second degree with respect to the July 2015 incident — in lieu of the previously dismissed charge of burglary in the second degree as a sexually motivated felony — and, therefore, it is clear that Supreme Court granted the People's application solely with respect to that charge (see CPL 190.75 [3]).[FN2]
We agree with defendant, however, that Supreme Court should not have granted the People's ex parte application for leave to resubmit the charge of burglary in the second degree with respect to the July 2015 incident. Pursuant to CPL 190.75 (3), where a grand jury has no billed or dismissed [*3]a charge, said charge "may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the [P]eople to resubmit such charge to the same or another grand jury" (see People v Allen, 32 NY3d 611, 613 [2018]; People v Credle, 17 NY3d 556, 557-558 [2011]). A trial court's authority to grant resubmission is not a pro forma or ministerial act and "should be exercised sparingly and discriminately" (People v Dykes, 86 AD2d 191, 194-195 [1982]), as the dismissal of a charge by a grand jury is "entitled to great deference because [it] represent[s] a determination that the evidence was not of sufficient credible worth to warrant a prosecution" (People v Tomaino, 248 AD2d 944, 945-946 [1998] [internal quotation marks and citation omitted]). Thus, the trial court should not authorize resubmission of a charge unless it appears, for example, "that new evidence has been discovered; that the [g]rand [j]ury failed to give the case a complete and impartial investigation; or that there is a basis for believing that the [g]rand [j]ury otherwise acted in an irregular manner" (People v Jones, 206 AD2d 82, 85-86 [1994], affd 86 NY2d 493 [1995]; see People v Ballowe, 173 AD3d 1666, 1667 [2019]; People v Dykes, 86 AD2d at 195).
Here, there is no dispute that the first grand jury no-billed the charge of burglary in the second degree as a sexually motivated felony with respect to the July 2015 incident, which is the functional equivalent of a dismissal (see People v Aarons, 2 NY3d 547, 555-556 [2004]). Notwithstanding, the People subsequently sought to resubmit a charge of burglary in the second degree based on the same July 2015 incident by simply removing the sexually motivated felony component when resubmitting the charge to the third grand jury.[FN3] In their ex parte application, the People's sole basis for seeking resubmission was that the first grand jury had acted in an irregular manner. Notably, however, no irregularity is alleged with regard the first grand jury's vote to no bill the charge of burglary in the second degree as a sexually motivated felony. Moreover, in granting the application, Supreme Court did not find that the first grand jury acted in an irregular manner or that it failed to give the case a complete and impartial investigation or that the People had discovered new evidence. Rather, Supreme Court granted the People's application because the People had presented a new theory of the case. Even assuming, without deciding, that this was an appropriate factor for Supreme Court to consider in determining whether resubmission was appropriate (compare People v Dykes, 86 AD2d at 197), a review of the underlying charges demonstrates that the resubmitted burglary in the second degree charge that was presented to the third grand jury did not actually present a new theory of the case and, instead, relied upon the very same facts and conduct that were presented to the first grand jury, which it previously found were insufficient [*4]to warrant prosecution. As such, we find that Supreme Court should not have granted the People a second bite at the apple by authorizing them to resubmit a previously no-billed burglary in the second degree charge to the third grand jury (see People v Jones, 206 AD2d at 86-87; People v Dykes, 86 AD2d at 197). It follows that count 1 of the second indictment, charging defendant with burglary in the second degree with respect to the July 2015 incident, must be dismissed.
Defendant is not entitled to dismissal of the entire second indictment based upon the potential prejudice that resulted when the People improperly resubmitted the charge of sexual abuse in the first degree to the third grand jury in contravention of CPL 190.75 (3). Initially, we note that the first grand jury took no action with respect to the sexual abuse in the first degree charge that was submitted, and its failure to act did not necessarily constitute a dismissal of the charge so as to render the requirements of CPL 190.75 (3) applicable to the resubmission of said charge (see People v Aarons, 2 NY3d at 551). Further, even assuming that it was error for the People to resubmit this count without prior authorization from Supreme Court, given the isolated nature of the error, the nature of the admissible proof and strength of the evidence supporting the second indictment, we cannot say that the resubmission of this count had the potential to prejudice the grand jury's ultimate decision (see People v Farley, 107 AD3d 1295, 1296 [2013], lv denied 21 NY3d 1073 [2013]).
Finally, our dismissal of count 1 of the second indictment, charging defendant with burglary in the second degree with respect to the July 2015 incident, does not require a reversal of defendant's conviction on count 3 charging him with burglary in the second degree with respect to the August 2015 incident. In determining whether an error in the proceedings relating to count 1 requires reversal of the conviction of count 3 that was tried jointly therewith, the trial court must evaluate "the individual facts of the case, the nature of the error and its potential for prejudicial impact on the over-all outcome" and, "if there is a reasonable possibility that the jury's decision to convict on the tainted counts influenced its guilty verdict on the remaining counts in a meaningful way," reversal is required (People v Allen, 32 NY3d at 620 [internal quotation marks and citations omitted]). Under the circumstances of this case, and having weighed the relevant factors, we conclude that prosecuting count 1 at the subject nonjury trial did not have the potential to influence, in any meaningful way, Supreme Court's decision to convict defendant on count 3, a second, wholly unrelated burglary count (see People v Allen, 32 NY3d at 620-621; compare People v Morales, 20 NY3d 240, 250 [2012]). In view of the foregoing, defendant's remaining contentions have been rendered academic.
Lynch, Clark, Pritzker and Colangelo, JJ., [*5]concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of burglary in the second degree under count 1 of the second indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: Defendant did not raise any arguments in his brief with respect to the appeal from the denial of his CPL 440.10 motion and, therefore, we deem said appeal to be abandoned (see People v Ellis, 182 AD3d 791, 792 n 2 [2020], lv denied 35 NY3d 1026 [2020]).

Footnote 2: This Court granted defendant's motion for release of the People's confidential ex parte application seeking leave to resubmit the charge to the third grand jury and further provided the parties with the opportunity to file supplemental briefs (see 2021 NY Slip Op 61439[U] [2021]). The People did not file a supplemental brief.

Footnote 3: The sexually motivated felony component subjects a convicted defendant to certain sentencing enhancements, including that he or she must be sentenced as a sex offender (see Penal Law §§ 60.13, 70.80, 130.91, 140.25).