People v Johnson (2022 NY Slip Op 01844)





People v Johnson


2022 NY Slip Op 01844


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

110911
[*1]The People of the State of New York, Respondent,
v
Wellington Johnson Jr., Appellant.

Calendar Date:February 8, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Colangelo and Ceresia, JJ.

John A. Cirando, Syracuse, for appellant.
William G. Gabor, District Attorney, Wampsville (Robert A. Mascari of counsel), for respondent.



Colangelo, J.
Appeals (1) from an order of the County Court of Madison County (McDermott, J.), entered September 12, 2018, which dismissed defendant's motion to, among other things, resettle the April 9, 2001 sentencing transcript and uniform sentence and commitment form, and (2) from an order of said court, entered December 6, 2018, which amended the April 9, 2001 uniform sentence and commitment form.
Defendant was convicted of murder in the second degree under count 1 of an indictment that charged him with the intentional murder of the victim between February 18 and 19, 2000, and he was sentenced on April 9, 2001 to a prison term of 25 years to life. The judgment of conviction was affirmed on appeal (303 AD2d 830 [2003], lvs denied 99 NY2d 655 [2003], 100 NY2d 583 [2003]). As relevant here, in November 2018 defendant moved in County Court for various relief, seeking to settle or correct the sentencing transcript and the uniform sentence and commitment form with regard to the date of the murder, the failure to address second felony offender sentencing and the sentencing court's failure to specify the crime for which he was being sentenced on April 9, 2001 or to address the mandatory surcharge. Defendant's motion indicated that he sought this relief in connection with his intent to apply for Executive Clemency (see Executive Law § 15).
County Court largely denied the motion in an order entered December 6, 2018, noting that all of the issues raised could have been argued on direct appeal from the judgment of conviction. The court found that the date of the crime on the sentence and commitment form — "February 18-19, 2000" — was not shown to be incorrect in that it was consistent with the date alleged in the indictment and bill of particulars. The court further noted that neither the trial transcript nor any other evidence was submitted on the motion to support defendant's claim that the date of the murder had been narrowed at trial to February 18, 2000.[FN1] With regard to the sentencing court's purported failure to name the offense for which defendant was being sentenced, County Court found that all of the sentencing requirements had been satisfied (see CPL art 380) including issuance of a uniform sentence and commitment form and a certificate of conviction showing the sentence pronounced by the court for the crime of conviction (see CPL 380.60). Defendant's claim that the sentencing court should have addressed second felony offender sentencing was rejected on the ground that the predicate status was inapplicable to his class A-1 felony conviction (see Penal Law §§ 70.06 [1] [a]; 125.25 [1]). The court further found that the mandatory surcharge, which was marked as "waived" on the uniform sentence and commitment form and was not mentioned at sentencing, was not waivable and amended that form to include the $250 surcharge. Defendant appeals.
As a general rule, "no appeal lies from a determination made in a criminal proceeding unless one is provided by [*2]the CPL, [which] exclusively provides for rights to appeal in criminal matters" (People v Stevens, 91 NY2d 270, 277 [1998] [internal quotation marks and citations omitted]). A defendant's right to appeal to this Court in a criminal case is "strictly limited to those authorized by statute" (People v Bautista, 7 NY3d 838, 839 [2006]; see CPL 450.10; 450.30). The December 6, 2018 order denying defendant's motion to correct, amend or settle the sentencing transcript and the uniform sentence and commitment form and adding the mandatory surcharge does not fit within the statutory authorization for appeals by a defendant as of right to this Court (see CPL 450.10; People v Whalen, 49 AD3d 916, 917 [2008], lv denied 10 NY3d 940 [2008]). Defendant's reliance on case law involving the correction of trial records on direct appeals from judgments of conviction is misplaced, given that this appeal is not from the judgment of conviction, which was previously affirmed on appeal (303 AD2d at 830).
With regard to the mandatory surcharge, although it should be "levied at sentencing" (Penal Law § 60.35 [1] [a]), it is not part of the sentence that must be pronounced at the sentencing proceeding (see People v Guerrero, 12 NY3d 45, 47 [2009]). As such, that part of County Court's order amending the uniform sentence and commitment form by adding the mandatory surcharge did not constitute the imposition of a sentence or a modification of the sentence so as to authorize defendant's appeal therefrom (see CPL 450.10). As there is no statutory basis for defendant's appeal from the December 2018 order, it must be dismissed.[FN2]
Garry, P.J., Egan Jr., Pritzker and Ceresia, JJ., concur.
ORDERED that the appeals are dismissed.



Footnotes

Footnote 1: To the extent that the factual recitation in this Court's decision affirming defendant's conviction stated that the "murder occurred sometime on February 18, 2000" (303 AD2d at 830), County Court correctly recognized that the decision "does not constitute evidence." We add that the precise date of the murder was not material to any of the issues raised on direct appeal.

Footnote 2: Defendant also filed a notice of appeal from a September 12, 2018 order of County Court dismissing his earlier motion for the same relief. Although he has not raised any issues in his appellate brief with respect thereto, and said appeal would normally be deemed abandoned as a result (see People v Abdullah, 198 AD3d 1101, 1103 n 1 [2021]), this appeal must also be dismissed as no appeal lies therefrom for reasons explained herein.