People v Melissa OO. (2024 NY Slip Op 05920)

People v Melissa OO.

2024 NY Slip Op 05920

Decided on November 27, 2024

Appellate Division, Third Department

Powers, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CR-23-2094

[*1]The People of the State of New York, Respondent,
v
Melissa OO., Appellant.

Calendar Date:November 12, 2024

Before: Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

John R. Trice, Elmira, for appellant.
Michael D. Ferrarese, District Attorney, Norwich (Karen Fisher McGee, New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.

Powers, J.
Appeal from an order of the County Court of Chenango County (Frank B. Revoir Jr., J.), entered May 26, 2023, which dismissed defendant's application for resentencing pursuant to CPL 440.47, without a hearing.
In 2016, defendant was charged by indictment with two counts of murder in the second degree, robbery in the first degree and two counts of assault in the first degree. The charges stemmed from her participation in a robbery that resulted in the violent death of the victim and theft of his personal property. In full satisfaction of the indictment, and in exchange for her cooperation and truthful testimony in the prosecution of her codefendant, defendant pleaded guilty to robbery in the first degree. Following her cooperation in that prosecution, defendant was sentenced to a prison term of 15 years, to be followed by five years of postrelease supervision, consistent with the terms of the plea agreement. In 2022, defendant requested permission to apply for resentencing pursuant to the Domestic Violence Survivors Justice Act (hereinafter DVSJA) (see CPL 440.47 [1] [c]; Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1) and was assigned counsel.[FN1] Initially, County Court found that defendant met the threshold statutory eligibility requirements, granted permission and defendant applied for resentencing. However, in May 2023, the court dismissed the application without prejudicefinding that, although she met the step one eligibility criteria for an alternative sentence, "there [was] no [corroborating] evidence nor even allegations presented that [d]efendant was, at the time of the offense, a victim of domestic violence subjected to substantial abuse inflicted by a member of her family or household" as required by CPL 440.47 (2) (c) (see CPL 440.47 [1] [a]; [2] [d]; see also Penal Law § 60.12 [1]). Defendant appeals.[FN2]
As an initial matter, the People contend that there is no statutory authority by which defendant can appeal from the May 2023 order dismissing her application for resentencing under the DVJSA without prejudice. We agree and, therefore, must dismiss this appeal. It is well settled that "a defendant's right to appeal within the criminal procedure universe is purely statutory" (People v Nieves, 2 NY3d 310, 314 [2004] [internal quotation marks and citation omitted]; accord People v Smith, 15 NY3d 669, 673 [2010]; see CPL 450.10 [1], [2]; 450.30 [1], [3]; People v Callahan, 80 NY2d 273, 284 [1992]). Thus, under established law, "no appeal lies from a determination made in a criminal proceeding unless one is provided by the CPL" and, absent express statutory authority for an appeal in a criminal case, there is no right to appeal (People v Stevens, 91 NY2d 270, 277 [1998] [internal quotation marks and citation omitted]; see People v Smith, 27 NY3d 643, 647 [2016]; People v De Jesus, 54 NY2d 447, 449 [1981]; People v Johnson, 203 AD3d 1396, 1397 [3d Dept 2022]; People v Overbaugh, 175 AD3d 1621, 1622-1623 [3d Dept [*2]2019]). The order here dismissing defendant's application for resentencing without prejudice is not appealable to this Court as of right under the general statutory provisions authorizing appeals to intermediate appellate courts under CPL 450.10 nor is the order of dismissal one for which defendant could seek permission to appeal to this Court under CPL 450.15. Consequently, defendant's right to appeal is strictly limited to whether CPL 440.47 granted such a right.
As background, the DVSJA amended Penal Law § 60.12 by authorizing the imposition of alternative sentences for survivors of domestic violence and added CPL 440.47, which provides a three-step procedure for survivors of domestic violence who are currently serving their sentences to apply for resentencing (see generally People v Liz L., 221 AD3d 1288, 1289 [3d Dept 2023]). As a first step, CPL 440.47 requires that a defendant "submit . . . a request to apply for resentencing in accordance with [Penal Law § 60.12]" (CPL 440.47 [1] [a]; see CPL 440.47 [1] [b]). Such request must demonstrate that he or she is "serving a sentence with a minimum or determinate term of eight years or more for an offense committed prior to [August 12, 2019] and that he or she is serving such sentence for any offense eligible for an alternative sentence pursuant to [Penal Law § 60.12]" (CPL 440.47 [1] [a]; see People v Wendy B.-S., 229 AD3d 1317, 1318 [4th Dept 2024], lv denied ___ NY3d ___ [Oct. 31, 2024]). "If the court finds that such person has not met the requirements to apply for resentencing . . . , the court shall notify such person and dismiss his or her request without prejudice" (CPL 440.47 [1] [d] [emphasis added]). However, "[i]f the court finds that the defendant has met the requirements to apply for resentencing, the court must notify the defendant that they may submit an application for resentencing" (People v Wendy B.-S., 229 AD3d at 1318, citing CPL 440.47 [1] [c]).[FN3]
As a second step, upon being notified that he or she may submit an application for resentencing, CPL 440.47 (2) (c) requires the defendant's application to include "at least two pieces of evidence corroborating the applicant's claim that he or she was, at the time of the offense, a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household" (CPL 440.47 [2] [c]). This evidentiary requirement mandates that "[a]t least one piece of evidence must be either a court record, pre-sentence report, social services record, hospital record, sworn statement from a witness to the domestic violence, law enforcement record, domestic incident report, or order of protection" (CPL 440.47 [2] [c]). In addition, the statute provides a non-exhaustive list of the types of evidence that could satisfy the evidentiary requirement for the second piece of corroborating evidence (see CPL 440.47 [2] [c]). If the trial court finds that the applicant has not satisfied this evidentiary [*3]requirement, it must "dismiss the application without prejudice" (CPL 440.47 [2] [d] [emphasis added]). Whereas, if the trial court determines that the applicant has satisfied the evidentiary requirements of step two, it must then, as a third step, conduct a hearing and determine whether resentencing is warranted and, if so, vacate the original sentence and impose a new sentence (see CPL 440.47 [2] [e]).
CPL 440.47 then provides, as is relevant here, that "[a]n appeal may be taken as of right . . . from an order denying resentencing . . . or . . . from a new sentence imposed [there]under" (CPL 440.47 [3] [emphasis added]). Therefore, by the express statutory terms of CPL 440.47, an order either denying resentencing after a hearing or imposing a new sentence is appealable as of right (see CPL 440.47 [3]). However, no provision is made for the right to appeal from the dismissal of an application without prejudice under step one or, like here, step two based on the failure to submit the evidentiary proof required (compare CPL 440.47 [1] [d]; [2] [d], with CPL 440.47 [2] [f]). While the Legislature did not amend the general provisions in CPL article 450 authorizing appeals to intermediate appellate courts, it did amend CPL 450.90 to permit, so long as a certificate granting leave to appeal is issued, an appeal to the Court of Appeals "by either the defendant or the [P]eople from any adverse or partially adverse order of an intermediate appellate court . . . entered pursuant to . . . [CPL 440.47]" (CPL 450.90 [1]). Thus, in enacting the DVSJA, the Legislature expressly authorized appeals as of right to an intermediate appellate court from orders denying resentencing or granting resentencing and imposing a new sentence while providing no express statutory right to appeal from an order dismissing an application for resentencing prior to a hearing (see CPL 440.47 [2] [f], [g]; [3]; People v James QQ., ___ AD3d ___, ___ [3d Dept 2024] [decided herewith]).[FN4]
Where, as here, the Legislature specifically provides for appealability of certain orders but not others, "an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (Town of Aurora v Village of E. Aurora, 32 NY3d 366, 372-373 [2018] [internal quotation marks and citations omitted]; see McKinney's Cons Laws of NY, Book 1, Statutes § 240). "[S]ince the Legislature failed to provide for an appeal from the [dismissal] of an application for resentencing pursuant to [Penal Law § 60.12 and CPL 440.47 (2) (c)], no appeal was intended" (People v De Jesus, 54 NY2d at 449). "Where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Matter of Spence v State Univ. of N.Y., 195 AD3d 1270, 1273 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]). Here, the Legislature intended a different result as to the appealability of orders dismissing without prejudice [*4]under step one or step two and an order denying an application on the merits after a hearing under step three, and this Court must give effect to that intention (compare CPL 440.47 [1] [d]; [2] [d], with CPL 440.47 [2] [f]). Had an appeal from a dismissal without prejudice been intended under step one or step two of the DVSJA, "the [L]egislature could easily have so stated" (Town of Aurora v Village of E. Aurora, 32 NY3d at 373; see People v De Jesus, 54 NY2d at 449). Rather, the language utilized by the Legislature — specifically that dismissal is without prejudice — mandates that the appropriate remedy in this situation is for a defendant to file a new application satisfying the evidentiary requirements of CPL 440.47. Thus, as "[a]ppeals in criminal cases are strictly limited to those authorized by statute," this appeal is not properly before this Court and must be dismissed (People v Bautista, 7 NY3d 838, 838-839 [2006]).[FN5]
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the appeal is dismissed.

Footnotes

Footnote 1: Defendant had previously requested permission to apply for resentencing in August 2019 and, although counsel was appointed, no further submissions in support of defendant's application were made.

Footnote 2: During the pendency of this appeal, the People moved to dismiss the appeal, contending that there is no statutory authority for a defendant to appeal from an order dismissing an application for resentencing without prejudice. This Court denied the People's motion without prejudice to the issues being raised upon the argument of the appeal (2024 NY Slip Op 65407[U] [3d Dept Apr. 4, 2024]).

Footnote 3: There is no dispute that defendant met the statutory requirements under step one to be permitted to apply for resentencing (see CPL 440.47 [1] [a]).

Footnote 4: We must note that, although this Court has not previously addressed the appealability of a dismissal under steps one or two of the DVSJA, we have reviewed the merits of such a dismissal (see generally 
People v James NN., 224 AD3d 1014, 1014-1015 [3d Dept 2024], lv denied 42 NY3d 927 [2024]). In 
People v James NN., this Court addressed the merits of an appeal from an order dismissing, without a hearing, an application for resentencing pursuant to CPL 440.47, where the dismissal was due to defendant's failure to make the requisite evidentiary showing under CPL 440.47 (2) (c). Similarly, the Second and Fourth Departments have addressed the merits of appeals involving step one or two dismissals (see People v White, 226 AD3d 1054, 1055-1056 [2d Dept 2024], lv denied 42 NY3d 931 [2024]; People v Shawn G.G., 225 AD3d 1246, 1246-1247 [4th Dept 2024], lv denied 42 NY3d 940 [2024]; People v Coles, 202 AD3d 706, 706-707 [2d Dept 2022]). However, appealability was not raised or decided in the prior appeal before this Court and does not appear to have been raised in those before the Second or Fourth Departments.

Footnote 5: We are mindful that the failure to provide for the statutory right to appeal from an order dismissing a defendant's DVSJA resentencing application without prejudice could insulate from appellate review certain trial court determinations where a defendant has exhausted his or her potential universe of evidentiary submissions. Nonetheless, it is entirely within the province of the Legislature to provide a remedy to permit appeals in these circumstances and not for this Court "to legislate under the guise of interpretation" (People v Boothe, 16 NY3d 195, 198 [2011] [internal quotation marks and citations omitted]).