People v Gardner (2025 NY Slip Op 06097)

People v Gardner

2025 NY Slip Op 06097

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

112784 CR-23-2367
[*1]The People of the State of New York, Respondent,
v
Daquan Gardner, Also Known as Daquan Garder and Nyce, Appellant.

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

Criminal Appeals Advocates PC, New York City (Aaron Spolin of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Aarons, J.
Appeals (1) from a judgment of the Supreme Court (Kathleen Hogan, J.), rendered February 23, 2021 in Schenectady County, upon a verdict convicting defendant of the crimes of assault in the second degree, aggravated criminal contempt, criminal contempt in the second degree (three counts) and failure to register as a sex offender (two counts), and (2) by permission, from an order of the County Court of Schenectady County (Matthew Sypniewski, J.), entered October 31, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant is a risk level three sex offender whose registered address with the Department of Criminal Justice Services (hereinafter DCJS) was in Bronx County. In November 2019, defendant knocked the victim to the ground outside of a bar in Schenectady County and kicked her in the face until her nose broke and her lip split. The victim was treated at the hospital for her injuries, and defendant was charged by indictment with assault in the second degree based upon the November 2019 incident; aggravated criminal contempt and three counts of criminal contempt in the second degree for alleged violations of orders of protection directing defendant to stay away from the victim; and two counts of failing to register as a sex offender for failing to timely register with DCJS his alleged Schenectady County residential address and an alleged Facebook identifier that he used to communicate with others. Following trial, defendant was found guilty as charged, and Supreme Court thereafter sentenced him, as a second felony offender, to an aggregate prison term of 9⅔ to 15 years, to be followed by five years of postrelease supervision. Defendant subsequently moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel, which motion County Court denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, the order denying his CPL 440.10 motion.
Defendant argues that the evidence is not legally sufficient to sustain one of his convictions for failing to register as a sex offender, specifically that the People failed to prove he did not register the Facebook identifier "King Nyce (Papi Champu)." Defendant did not raise that contention in his motion for a trial order of dismissal — instead arguing that the People failed to prove the Facebook identifier belonged to him — rendering his legal sufficiency challenge unpreserved (see People v Burdo, 210 AD3d 1306, 1307 [3d Dept 2022], lv denied 39 NY3d 1077 [2023]; People v Delbrey, 179 AD3d 1292, 1292 [3d Dept 2020], lv denied 35 NY3d 969 [2020]).[FN1] To the extent defendant argues that both of his convictions for failing to register as a sex offender are against the weight of the evidence, such a challenge "bears no preservation requirement, [and] requires consideration of the adequacy of the evidence as to each element of the crimes[*2]" (People v Cruz, 131 AD3d 724, 725 [3d Dept 2015], lv denied 26 NY3d 1087 [2015]; accord People v Burdo, 210 AD3d at 1307).
As relevant here, "[a]ny sex offender shall register with [DCJS] no later than [10] calendar days after any change of address, internet accounts with internet access providers belonging to such offender, [or] internet identifiers that such offender uses" (Correction Law § 168-f [4]). Internet identifiers include "electronic mail addresses and designations used for the purposes of chat, instant messaging, social networking or other similar internet communication" (Correction Law § 168-a [18]). "An Internet identifier is not the social networking website or application itself; rather, it is how someone identifies himself or herself when accessing a social networking account, whether it be with an electronic mail address or some other name or title, such as a screen name or user name" (People v Ellis, 162 AD3d 161, 166 [3d Dept 2018], affd 33 NY3d 582 [2019]; see People v McLaughlin, 169 AD3d 1438, 1439 [4th Dept 2019], lv denied 33 NY3d 978 [2019]).
The victim testified that defendant resided with her in Schenectady County almost every day in the period between August 2019 and December 2019, keeping a closet in her apartment containing his clothes and other belongings. According to the victim, defendant spent almost every night with her but would occasionally visit his mother downstate. Acquaintances of defendant testified that, in 2018 and 2019, they communicated with him on Facebook messenger, and one of the acquaintances identified a Facebook page bearing the name "King Nyce (Papi Champu)" as belonging to defendant. Both of the acquaintances testified that they would meet defendant at the victim's apartment complex in Schenectady County. Although one of the acquaintances had the impression that defendant lived in the complex, defendant's mother testified that he resided with her in Bronx County and received his mail there, and that defendant would only visit Schenectady County two to three times per month for three to five days each trip. A DCJS official testified that defendant's registered address as of November 2019 was in Bronx County and that he had not registered any Schenectady County address or any Facebook user names (see People v Ellis, 33 NY3d 582, 585 [2019]).
On this record, a different verdict would not have been unreasonable (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Williams, 161 AD3d 1296 [3d Dept 2018], lv denied 32 NY3d 942 [2018]). Viewing the evidence in a neutral light, deferring to the jury's credibility determinations and weighing "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Lozano, 203 AD3d 1231, 1232 [3d Dept 2022] [internal quotation marks and citations omitted]; see People v Starnes, 206 AD3d 1133, 1135 [3d Dept 2022], lv denied 38 NY3d 1153 [2022]), we are satisfied that [*3]defendant's convictions of failing to register as a sex offender are not against the weight of the evidence.
Under the circumstances of this case, we are not persuaded that defendant's sentence is unduly harsh or severe; thus, we decline his request to reduce his sentence in the interest of justice (see CPL 470.15 [6] [b]). Lastly, defendant has not advanced any arguments challenging County Court's order denying of his CPL 440.10 motion, rendering his appeal therefrom abandoned (see People v Darby, 206 AD3d 1165, 1166 n [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Abdullah, 198 AD3d 1101, 1103 n 1 [3d Dept 2021], lv denied 38 NY3d 925 [2022]). Defendant's remaining contentions, to the extent not already addressed, have been reviewed and are without merit.
Clark, J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Defendant failed to assert before Supreme Court that the statutory definition of "dangerous instrument" cannot be read to include shoes worn while kicking a victim or, alternatively, that the definition is unconstitutionally vague, and we decline to take corrective action on these unpreserved issues as a matter of discretion in the interest of justice (Penal Law § 10.00 [13]; see CPL 470.05 [2]; 470.15 [3] [c]; [6] [a]; Penal Law § 120.05 [2]; People v Lancaster, 143 AD3d 1046, 1052 [3d Dept 2016], lv denied 28 NY3d 1147 [2017]; People v Snyder, 91 AD3d 1206, 1207 n 2 [3d Dept 2012], lv denied 19 NY3d 968 [2012], cert denied 568 US 1070 [2012]).